The STATE ex rel. PLOWMAN

v.

BUTLER COUNTY CLERK OF COURTS.

[Cite as *State ex rel. Plowman v. Butler Cty. Clerk of Courts* (1995), 103 Ohio App.3d 77.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–07–144.

Decided May 15, 1995.

*Jimmy R. Plowman*, pro se.

*John F. Holcomb*, Butler County Prosecuting Attorney, for respondent.

*Per Curiam.*

This cause is before the court pursuant to a motion for summary judgment filed by relator, Jimmy R. Plowman, on August 17, 1994, and a memorandum in opposition and cross-motion for summary judgment filed by counsel for respondent, Butler County Clerk of Courts, on March 28, 1995.

On July 1, 1994, relator filed a writ of mandamus stating that he had requested respondent to provide him with certain public records.[1]  Relator alleged that

---

1. The records requested by relator are as follows:

respondent "has refused to comply with this request * * *." Relator filed a motion for summary judgment on August 17, 1994 which requested summary judgment for the reason that respondent at that time had failed to appear or establish a genuine issue of material fact. Relator's motion for summary judgment includes an attached affidavit which states that relator "did mail a check to the Butler County Clerk of Court's Office as payment for legal documents."

Respondent filed a motion to dismiss on January 4, 1995, which maintained that relator was not entitled to the requested documents because relator had no current pending appeal from his conviction in *State v. Plowman* (Sept. 27, 1984), Butler C.P. No. CR–84–02–0089, unreported,[2] and because certain documents requested were not in respondent's possession or control. Upon consideration, this court determined that there was a set of circumstances under which relator could be entitled to relief and denied the motion to dismiss. Respondent was ordered to file an answer to relator's complaint within twenty days and respond to relator's motion for summary judgment within thirty days.

Apparently, relator's motion for summary judgment and this court's entry denying respondent's motion to dismiss were never received by respondent when served, and on April 20, 1995, this court permitted respondent to file his answer, cross-motion for summary judgment and memorandum opposing summary judgment instanter. Respondent's memorandum in opposition states that relator has not tendered payment to cover the expense of copying and mailing the requested documents and further indicates that the Tennessee extradition documents and municipal court preliminary transcript requested by relator are not in the possession of respondent.

Upon review of the pleadings discussed above and the file in relator's criminal case, it appears that relator has never made a public records request of respondent as contemplated by R.C. 149.43. Rather, relator filed a document styled "Defendant's Motion for Documents Under the Public Records Act" on January 3, 1995 under his criminal case number in the Butler County Court of Common Pleas. In the motion, relator indicated that he wanted the requested documents to support a petition for post-conviction relief. In an entry filed on January 19, 1995, the common pleas court denied relator's motion for public records based upon *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420,

---

"I.  Compleate [*sic*] Docket Sheet.
"II.  Copy of Tennessee Extradition Documents.
"III.  Copy of Extradition hearing transcript.
"IV.  Copy of Municipal Court Preliminary Hearing Transcript."

2. The requested documents pertain to this underlying criminal case in which relator was convicted of aggravated robbery with a firearm specification.

639 N.E.2d 83, which holds that a criminal defendant who has exhausted his direct appeals may not avail himself of R.C. 149.43 (the Public Records Act) to support a petition for post-conviction relief. *Id.* at 437, 639 N.E.2d at 95. The court also noted that the obligation to allow inspection of public records does not include mailing the records or copies thereof and does not entitle access to free copies of public records, and stated that relator had not tendered payment to cover the expense of copying and mailing the requested documents.

The trial court correctly denied relator's motion for public records made in his underlying criminal case under circumstances where *State ex rel. Steckman, supra,* precludes reliance upon R.C. 149.43. Under these circumstances, respondent was under no obligation to comply with relator's request for public records. Further, even if relator's motion can be construed as a request for public records, the file in the underlying criminal case reveals that, contrary to relator's affidavit, no payment was tendered for production and mailing of the requested records.

There is absolutely no reference in relator's January 3, 1995 motion for documents under the Public Records Act, or anywhere else in the file, to any payment for records. In fact, on the same day, relator filed an affidavit of indigency stating that he was "without any possession, real or personal, of sufficient value * * * to offer for security for [the cost of the action]," and that he was "a true indigent and pauper within the meaning of the law." Further, in a motion for reconsideration filed after the common pleas court denied his motion for public records, relator again stated that he was "a pauper and cannot pay costs for copying per the submitted Affidavit of Indigency filed herein."

Accordingly, this court finds, pursuant to Civ.R. 56(C), that there is no genuine issue of material fact, and that respondent is entitled to judgment in this action as a matter of law. Relator's motion for summary judgment is denied, and respondent's motion for summary judgment is granted. Costs to relator.

*Judgment accordingly.*

WALSH, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.