[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 580.]

THE STATE EX REL. FINDLAY PUBLISHING COMPANY *v.* SCHROEDER.

[Cite as *State ex rel. Findlay Publishing Co. v. Schroeder*, 1996-Ohio-361.]

*Mandamus to compel county coroner to permit inspection and copying of records in which the cause of death was suicide—Writ granted, when.*

(No. 96-1185—Submitted July 24, 1996—Decided October 2, 1996.)

IN MANDAMUS.

_____

{¶ 1} Prior to February 24, 1995, Hancock County Coroner Leroy L. Schroeder, M.D., respondent, prepared and filed in the Office of the Clerk of the Hancock County Court of Common Pleas a report of each death coming under his jurisdiction in the county. Since February 24, 1995, none of Schroeder's records has been available for public inspection, *i.e.*, they had not been filed in the clerk's office. Following Schroeder's repeated refusal to permit inspection of his records, the Findlay Publishing Company, relator, filed this action for a writ of mandamus to compel Schroeder to keep records pursuant to R.C. 313.09 and to permit public inspection and copying of these records pursuant to R.C. 313.10 and 149.43.

{¶ 2} On May 20, 1996, after relator's commencement of this mandamus action, Schroeder filed his records in the clerk's office concerning all cases coming under his jurisdiction and supervision since February 24, 1995 involving persons dying by accidental or natural causes and, in one instance, by homicide. However, Schroeder did not file any of his remaining records, which consist of cases in which the cause of death was suicide. Schroeder did not provide public access to these records because family members of the suicide victims requested that the records remain confidential.

**{¶ 3}** Schroeder has filed a motion to dismiss, or, alternatively, for summary judgment. Schroeder has attached to his motion evidence of a declaratory judgment action on the same subject pending in the common pleas court.

———————————

*Betts, Miller & Russo* and *Ralph D. Russo*, for relator.

*Robert A. Fry*, Hancock County Prosecuting Attorney, for respondent.

———————————

***Per Curiam.***

**{¶ 4}** S.Ct.Prac.R. X(5) provides that in original actions other than habeas corpus filed in this court:

"The respondent shall file an answer to the complaint or a motion to dismiss within 21 days of service of the summons and complaint. The respondent may file a motion for judgment on the pleadings at the same time an answer is filed. After the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or peremptory writ, if a writ has not already been issued."

**{¶ 5}** Schroeder filed a Civ.R. 12(B)(6) motion to dismiss which alternatively requests summary judgment. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor. Civ.R. 12(B)(6); *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

**{¶ 6}** Here, relator concedes that it has now been provided with some of the records it requested. Therefore, this portion of relator's mandamus action is moot. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049, 1051; see, also, *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170, 174, and cases cited therein (courts may take judicial notice of

appropriate matters in determining Civ.R. 12[B][6] motion without converting it to a motion for summary judgment); *Hughes v. Butler Cty. Bd. of Revision* (1944), 143 Ohio St. 559, 560, 28 O.O. 477, 478, 56 N.E.2d 63, 64.

{¶ 7} Schroeder claims that the remainder of relator's mandamus action is subject to dismissal under Civ.R. 12(B)(6) because of a previously filed declaratory judgment action. To establish this assertion, Schroeder erroneously relies on evidentiary material attached to his motion. See *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791 (court cannot rely on allegations or evidence outside complaint in determining Civ.R. 12[B][6] motion). Based solely on the complaint, it does not appear beyond doubt that relator can prove no set of facts entitling it to a writ of mandamus. Schroeder's motion is therefore overruled. Further, Schroeder's alternative request for summary judgment is denied because Civ.R. 56 motions are clearly inapplicable under S.Ct.Prac.R. X(5).

{¶ 8} We now determine whether an alternative or a peremptory writ should issue. Relator requests a peremptory writ of mandamus. In its memorandum in opposition to Schroeder's motion to dismiss, relator admits the existence of the pending declaratory judgment action filed prior to this mandamus action. Schroeder and unnamed members of seven different families who had a family member commit suicide in 1995 filed a complaint against relator in the Hancock County Court of Common Pleas. They requested a judgment declaring that Schroeder is not required to disclose records relating to these persons who committed suicide.

{¶ 9} Schroeder contends that mandamus should not issue because the pending declaratory judgment action constitutes an adequate remedy in the ordinary course of the law. Generally, "'[w]here parties to a mandamus action are also parties, or may be joined as parties, in a previously filed declaratory judgment action involving the same subject matter, a court, in the exercise of its discretion,

may refuse to issue a writ of mandamus.'" *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 537, 653 N.E.2d 349, 356, quoting *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 9 O.O.3d 69, 378 N.E.2d 152, syllabus. However, we have held that persons seeking public records pursuant to R.C. 149.43(C) need not establish the lack of an adequate remedy at law in order to be entitled to a writ of mandamus. See, *e.g., State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426, 639 N.E.2d 83, 89 ("[M]andamus is the appropriate remedy to force compliance with the open-records statute."); *State ex rel. Scripps-Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas, Juv. Div.* (1995), 73 Ohio St.3d 19, 23, 652 N.E.2d 179, 183 ("As to the juvenile court's contention that a declaratory judgment constitutes an adequate legal remedy which precludes a writ of mandamus, to the extent that relator seeks a copy of the transcript under R.C. 149.43, it need not establish the lack of an adequate remedy."). Therefore, the pending declaratory judgment action does not preclude this mandamus action.

{¶ 10} In the declaratory judgment action, Schroeder contends that his coroner's records related to suicides need not be disclosed because of the federal Freedom of Information Act ("FOIA"), R.C. Chapter 1347, and the right of privacy. In essence, Schroeder claims that the release of these records is prohibited by state or federal law. R.C. 149.43(A)(1). Exceptions to disclosure are strictly construed against the custodian of public records, and the burden to establish an exception is on the custodian. *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 169, 637 N.E.2d 911, 912. R.C. 149.43 is liberally construed to further broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 621, 640 N.E.2d 174, 177.

{¶ 11} None of the exceptions raised by Schroeder precludes disclosure of the subject records. FOIA does not apply to state agencies or officers. See, *e.g.,*

*State ex rel. Thomas v. Ohio State Univ.* (1994), 71 Ohio St.3d 245, 247-248, 643 N.E.2d 126, 129; *St. Michael's Convalescent Hosp. v. California* (C.A.9, 1981), 643 F.2d 1369, 1373; Sections 551(1) and 552(f), Title 5, U.S. Code. R.C. Chapter 1347, the Ohio Privacy Act, does not limit the provisions of R.C. 149.43, the Public Records Act. R.C. 149.43(D); see, also, R.C. 1347.04(B) ("The provisions of this chapter shall not be construed to prohibit the release of public records, or the disclosure of personal information in public records, as defined in section 149.43 of the Revised Code ***."). Finally, in that there is no legislative scheme protecting the names of suicide victims from disclosure or incorporating the personal privacy exemption adopted by other states and the federal government, the right of privacy does not exempt the coroner's records from disclosure. See *Thomas*, 71 Ohio St.3d at 248, 643 N.E.2d at 129; *State ex rel. The Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 34-35, 661 N.E.2d 187, 190. Moreover, even if R.C. 149.43 contained a privacy exemption, it is unclear whether a coroner's records pertaining to suicides would necessarily be exempt. See, generally, 1 Braverman & Chetwynd, Information Law (1985) 411, Section 10-4.1.2 ("The law remains unsettled as to whether deceased persons have privacy interests. The Department of Justice's position is that an individual's privacy rights end at death. *** [W]hile the privacy interest may not be important to the decedent, disclosure of some information could possibly invade the privacy of surviving relatives and associates.") (Footnotes omitted.); Prosser & Keeton, The Law of Torts (5 Ed.1984) 860-861 (The privilege of giving publicity to news and other matters of public interest includes suicides.); *Rush v. Chronicle Telegram* (May 30, 1980), Cuyahoga App. No. 40919, unreported.

{¶ 12} In addition, the requests of the victim's relatives to withhold the suicide records do not alter the public nature of the records. See *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 384, 18 OBR 437, 439, 481 N.E.2d 632, 634 (contractual provision between city and employees cannot

alter duty of city to provide access to public records under R.C. 149.43); *State ex rel. Sun Newspapers v. Westlake Bd. of Edn.* (1991), 76 Ohio App.3d 170, 173, 601 N.E.2d 173, 175 (public entity cannot enter into enforceable promises of confidentiality with respect to public records).

{¶ 13} Therefore, the release of the subject records is not prohibited by other state or federal law under R.C. 149.43(A)(1). In fact, other state law establishes that Schroeder's records are unquestionably public records. See R.C. 313.09 and 313.10; cf. *State ex rel. Dayton Newspapers, Inc. v. Rauch* (1984), 12 Ohio St.3d 100, 101, 12 OBR 87, 88, 465 N.E.2d 458, 459-460 (autopsy reports on homicide victims are distinct from other information coroners are required to keep as public records).

{¶ 14} In that the pertinent facts are uncontroverted and from these facts it appears beyond doubt that relator is entitled to the requested extraordinary relief, no further evidence and briefing is necessary for our resolution of the merits of this case. Accordingly, we grant a peremptory writ of mandamus to immediately compel Schroeder to provide the records he is currently withholding. See, *e.g., State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 112, 656 N.E.2d 673, 678. We also find that relator is entitled to attorney fees. *Pennington, supra*. Relator's counsel is ordered to submit a bill and documentation in support of its request for attorney fees, in accordance with the guidelines set forth in DR 2-106.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

PFEIFER, J., dissents and would grant only an alternative writ.

————————————