Defendant Ronald Phillips has appealed from a judgment of the Summit County Common Pleas Court that denied his petition for post-conviction relief. He has argued that: (1) the trial court incorrectly issued insufficient findings of fact and conclusions of law regarding each of his claims for relief; (2) Ohio's post-conviction system does not comply with the requirements of due process as guaranteed by the Fifth, Sixth,Eighth, and Fourteenth amendments to the United States Constitution; (3) the trial court incorrectly denied his requests for discovery in violation of his rights under theFifth, Sixth, Eighth, Ninth, and Fourteenth amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10,16, and 20 of the Ohio Constitution; (4) the trial court incorrectly denied his motion to amend his post-conviction petition in violation of his rights under the Fifth, Sixth,Eighth, Ninth, and Fourteenth amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution; and (5) the trial court incorrectly denied his motion for grand jury materials in violation of his rights under the Fifth, Sixth, Eighth, Ninth, andFourteenth amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution.
This court reverses in part and affirms in part the judgment of the trial court because: (1) the trial court incorrectly issued insufficient findings of fact and conclusions of law regarding defendant's claims in his petition for post-conviction relief; (2) the issue of the constitutionality of the statute is not ripe and, therefore, this court declines to reach that issue; (3) the trial court did not incorrectly deny defendant the right to discovery because defendant was not entitled to discovery; (4) the trial court did not incorrectly deny defendant leave to amend his petition for post-conviction relief; and (5) the trial court did not incorrectly deny defendant's motion for release of the grand jury records because defendant was not entitled to those records.
 I.
Defendant was convicted, on August 18, 1993, of aggravated murder with a death specification, felonious sexual penetration, and three counts of rape. On September 14, 1993, he was sentenced to death. His convictions and death sentence were upheld by this Court in State v. Phillips (August 31, 1994), Summit App. No. 16487, unreported, and by the Ohio Supreme Court in State v. Phillips (1995), 74 Ohio St.3d 72.
On September 20, 1996, defendant filed a petition for post-conviction relief. On September 26, 1996, he filed an amendment to his petition. The petition as amended contained ten claims for relief. He argued that his convictions and sentences were void or voidable because: (1) the planned execution of the death sentence under Ohio law and practice constitutes cruel and unusual punishment in violation of his rights under the constitutions of the United States and the State of Ohio; (2) the state should be collaterally estopped from charging him with purposely causing the victim's death on January 18, 1993, because the State proved beyond a reasonable doubt in State v. Evans (1994), 93 Ohio App.3d 121, that the victim's death was caused by an injury inflicted by defendant on January 16, 1993; (3) he was denied his rights to a fair trial, to be present, to due process, and to effective assistance of counsel in violation of the Fifth, Sixth, Eighth, and Fourteenth amendments to the United States Constitution; (4) he was denied his rights to a fair and impartial jury, a reliable death sentence, due process, and the effective assistance of counsel under the Fifth, Sixth, Eighth, andFourteenth amendments to the United States Constitution; (5) he was denied his rights to a fair cross-section of the community under the Sixth Amendment and to equal protection under theFourteenth Amendment because only two potential jurors out of a venire of 150 were African-American although African-Americans comprise almost 12% of the county's population; (6) he was denied his rights to a fair trial and rebuttal under theFourteenth Amendment's Due Process Clause by the State's introduction of cumulative, inflammatory pictures that were admitted into evidence based on an evidentiary ruling in a co-defendant's separate trial; (7) he was denied his right to a fair and impartial jury due to extraneous contact by a member of his grand jury with his trial jurors; (8) he was denied his right to due process under the Fourteenth Amendment because the trial court's vague and incomprehensible jury instructions failed to guide the jury at the trial and penalty phases; (9) he was denied the effective assistance of counsel in the mitigation phase of his trial; (10) he was denied his rights under the Fifth, Sixth, Eighth, Ninth, andFourteenth amendments to the Constitution of the United States and ArticleI, Sections 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution due to the cumulative effects of the errors listed in his petition.
On December 17, 1997, defendant moved the trial court for leave to amend his petition for post-conviction relief. He argued that leave to amend his petition was necessary because he had just received voluminous documents from Summit County Children Services regarding his family history that allegedly supported his ninth claim for relief. He requested ninety days to prepare an amended petition. He argued that the ninety days was necessary to sort through the documents and perform investigations in order to formulate arguments in support of that claim. He explained that he did not receive the records until December 11, 1997, nearly one year after requesting the court to provide him access to those documents.[1] The trial court denied leave to amend the petition and dismissed the petition without an evidentiary hearing. Defendant timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court incorrectly issued insufficient findings of fact and conclusions of law regarding each of his claims for relief. Section 2953.21(C) of the Ohio Revised Code requires the trial court to file findings of fact and conclusions of law when it dismisses a petition for post-conviction relief. Failure of a trial judge to make the required findings is prejudicial error.State v. Mapson (1982), 1 Ohio St.3d 217, 218; State v. Brown
(1974), 41 Ohio App.2d 181, 185.
The general purpose of Section 2953.21 is to provide judicial review of a petitioner's allegations in order to provide a remedy for violations of constitutional rights. State v. Lester
(1975), 41 Ohio St.2d 51, 56. The trial court, therefore, is required to make findings as to the substantive basis of each claim for relief in the petition. Id. Failure of a trial court to make findings as to each claim for relief may well result in piecemeal or multiple appeals. Id. Further, if the basis of the denial is that the claims are barred by res judicata, the court should specify the parts of the record or files that establish the bar. Id. at 55; State v. Perry (1967), 10 Ohio St.2d 175, paragraph three of the syllabus.
In State v. Wiles (April 14, 1998), Portage App. No. 97-P-0028, unreported, the defendant had filed a petition for post-conviction relief that contained twenty-two claims for relief. The trial court dismissed the petition without an evidentiary hearing. In its journal entry, the trial court expressly addressed two of the claims in the petition, vaguely addressed six of the claims, and, as to the remaining claims, merely stated that a "majority" of the claims were barred byres judicata. On appeal, the Eleventh District Court of Appeals noted that it was unable to tell which of the twenty-two claims the trial court believed were barred and which it believed were not barred. Also, the court noted that the trial court did not specify the parts of the record that established the bar as required by the Ohio Supreme Court. The court held that the findings and conclusions were insufficient to inform either the defendant or the appellate court of the basis of the trial court's decision. The court, therefore, reversed the trial court's decision and remanded the case for more explicit findings and conclusions.
In this case, the trial court's judgment entry did not address any of defendant's claims specifically. The court merely held:
 Upon considering the proceedings in the trial court, court of appeals, and the Ohio Supreme Court along with the evidence associated with this case, the Court determines that there is no substantive grounds for relief. Additionally, Defendant's petition raises several issues that were raised or should have been raised on appeal. * * * Most, if not all, of Defendant's claims are barred by the doctrine of res judicata.
This Court is unable to determine from this entry which of defendant's claims the trial court viewed as barred by resjudicata and what parts of the record it believed established that bar. This Court, therefore, holds that the trial court incorrectly issued insufficient findings of fact and conclusions of law. This case is reversed and remanded for more explicit findings and conclusions consistent with this opinion. But, see, State v. Post (August 8, 1990), Lorain App. No. 90CA004750, unreported. Defendant's first assignment of error is sustained.
 B.
Defendant's second assignment of error is that Ohio's post-conviction system does not comply with the requirements of due process as guaranteed by the Fifth, Sixth, Eighth, andFourteenth amendments to the United States Constitution. He has argued that Ohio's post-conviction procedures fail to provide an individual with any meaningful opportunity to redress his or her wrongful conviction. Because this case is being remanded, this Court cannot determine whether defendant will receive the relief requested. If he does, then his claim will be moot. This issue, therefore, is not ripe for review.
Furthermore, defendant failed to raise this issue at the trial court level. This Court has previously held that failure to raise the issue of the constitutionality of the post-conviction relief statute at the trial court level, when that issue is apparent at the time of the petition, constitutes a waiver of the issue. State v. Benner (August 27, 1997), Summit App. No. 18094, unreported, at 2-3. An appellate court, therefore, need not hear the issue for the first time on appeal. Id. at 3. Defendant's second assignment of error is overruled.
 C.
Defendant's third assignment of error is that the trial court incorrectly denied his requests for discovery in violation of his rights under the Fifth, Sixth, Eighth, Ninth, andFourteenth amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution. He has argued that discovery was warranted to further develop his claims because he had presented sufficient operative facts outside the record to support his claims and to justify an evidentiary hearing. He has relied on State v. Smith
(1986), 30 Ohio App.3d 138, in support of this argument.
Defendant's reliance on Smith is misplaced. In Smith, the defendant filed a petition for post-conviction relief and, at the same time, filed a set of interrogatories directed to the State. The State failed to answer the interrogatories. The defendant moved the trial court to compel the State to answer the interrogatories. The trial court denied the motion and later denied the petition for post-conviction relief. This Court held that the trial court was not required to compel the State to answer the defendant's interrogatories; therefore, the trial court did not incorrectly deny the defendant's motion.Id. at 140.
In fact, this Court has repeatedly held that there is no right to discovery in post-conviction relief proceedings.State v. Benner (August 27, 1997), Summit App. No. 18094, unreported, at 4-5. The procedures applicable to post-conviction relief petitions are those found in Section2953.21 of the Ohio Revised Code, and that section does not provide for discovery. State v. Cooey (May 25, 1994), Summit App. Nos. 15895/15966, unreported at 40. Accordingly, defendant did not have a right to discovery in order to further develop his claims. Defendant's third assignment of error is overruled.
 D.
Defendant's fourth assignment of error is that the trial court incorrectly denied his motion to amend his post-conviction petition in violation of his rights under theFifth, Sixth, Eighth, Ninth, and Fourteenth amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10,16, and 20 of the Ohio Constitution. He has argued that a trial court cannot dismiss a post-conviction petition without allowing the petitioner the opportunity to amend his petition with newly discovered evidence if the amendment establishes a claimed violation of the petitioner's constitutional rights.
Under Section 2953.21(F) of the Ohio Revised Code, after the state has filed an answer or motion, a petitioner can amend his petition for post-conviction relief only with leave of court. A trial court has discretion in granting or denying leave to amend; therefore, absent an abuse of discretion, an appellate court will not disturb a grant or denial of leave to amend. SeeWilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 121-122. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469.
Because the State had answered defendant's petition before he sought leave to amend, the decision whether to allow leave to amend was within the trial court's discretion. Defendant's motion, which was filed approximately one year and three months after the original filing of the petition, requested 90 days from the resolution of the motion in which to prepare an amended petition. This Court notes that defendant was not attempting to add new issues to his petition.
According to his motion for leave to amend his petition:
 An order granting [defendant] time to conduct an investigation based on the documents before amending his petition is necessary to give him the opportunity to fully and fairly develop his ninth claim for relief which describes the ineffective investigation conducted by [his] trial counsel.
He was merely seeking to add additional evidence of his trial counsel's lack of investigation into his history of an abusive family life in support of his ninth claim for relief.
Defendant's petition for post-conviction relief, including all supplements properly before the court, contained, among other things, six affidavits from his family and a psychological report. His family members attested to incidents of abuse against themselves as well as other members of their family. The psychological report detailed the examiner's suspicions that defendant was raised in an abusive family, although defendant denied the existence of any abuse. It is possible that the trial court determined that any evidence obtained from the Summit County Children Services' records would be cumulative; therefore, the additional ninety day delay was not warranted. The trial court's denial of defendant's motion was not arbitrary, unreasonable, or unconscionable. Defendant's fourth assignment of error is overruled.
 E.
Defendant's fifth assignment of error is that the trial court incorrectly denied his motion for grand jury materials in violation of his rights under the Fifth, Sixth, Eighth, Ninth, and Fourteenth amendments to the United States Constitution and Article I, Sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution. He has argued that, because the grand jury records that he requested were public records under Section149.43 of the Ohio Revised Code (Public Records Act), the Summit County Clerk of Courts violated the Public Records Act by denying him access to those records. Failure of the trial court to release the records to him, he has argued, denied him his rights to an impartial jury and to a fair trial by denying him access to materials that may have furnished evidence to support his post-conviction petition.
Defendant went to the Summit County Clerk of Court's office to obtain the records regarding the grand jury that indicted him. The Clerk, however, refused to give him the records without a court order. On September 26, 1996, defendant moved the trial court for an order requiring the Clerk to release the names of the grand jurors to him. Defendant argued that the release of the names of his grand jurors was necessary to determine whether a member of that grand jury made prejudicial out-of-court statements to his trial jurors. He further argued that the grand jury records he was seeking were public records to which he was entitled access under the Public Records Act. The trial court denied defendant's request.
Assuming, without deciding, that the records sought by defendant were public records, the trial court did not incorrectly deny defendant's motion for release of those records. The Ohio Supreme Court has held that one who has requested and been denied access to "public records" must use mandamus, in accordance with Section 149.43(C) of the Ohio Revised Code. See State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, paragraphs two and five of the syllabus. The Court stated: "No other procedure of any kind, whether by separate action, motion or otherwise, will be recognized." Id.
at 427. Because defendant filed a motion for release of the records instead of using mandamus, the trial court did not have jurisdiction to grant his motion. His motion, therefore, was properly denied.
Even if defendant had used mandamus to seek release of the records, he was not entitled to those records. The Ohio Supreme Court has further held:
 A defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief. (State ex rel. Clark v. Toledo [1990], 54 Ohio St.3d 55, 560 N.E.2d 1313, and its progeny, overruled.)
Id. at paragraph six of the syllabus. Defendant, therefore, could not have used Section 149.43 to obtain the records in support of his post-conviction relief petition. See State exrel. Plowman v. Butler Cty. Clerk of Courts (1995), 103 Ohio App.3d 77,78-79. Defendant's fifth assignment of error is overruled.
 III.
Defendant's first assignment of error is sustained and his remaining assignments of error are overruled. The judgment of the trial court is reversed in part and affirmed in part, and this cause is remanded for further proceedings consistent with this opinion. The trial court is directed, on remand, to make findings of fact and conclusions of law regarding each of defendant's claims in his post-conviction relief petition and, when appropriate, specify the parts of the record that establish the bar of res judicata.
 Judgment reversed and remanded in part and affirmed in part
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 --------------------- WILLIAM R. BAIRD FOR THE COURT
DICKINSON, J., CARR, J., CONCUR
[1] On November 8, 1996, defendant moved the trial court for the release of records relating to Summit County Children Services' investigations of his abusive parents. The trial court granted the motion on February 5, 1997. Because Summit County Children Services interpreted the order as excluding defendant's siblings, defendant moved the court to clarify its order to include all records on March 4, 1997. On November 25, 1997, defendant filed a motion to clarify his earlier motion for the records after he learned how the trial court order would need to be worded in order to obtain the records he sought. The court ordered the release of all of the requested documents on November 25, 1997.