OPINION
This case involves an original action to this Court on a Writ of Mandamus whereby Relator alleges respondents have failed, "to perform their legal duties as pursuant to R.C. § 149.43(B) 
(C) and to forward to the Relator all documents and Records that the Relator has requested for in his Memorandum of Support."
The facts indicate that Relator is incarcerated in a state penal institution by the State of Ohio for criminal offenses. Relator has filed two separate Motions for Delayed Appeal in this Court, (98-CA-57 and 98-CA-249)
Relator alleges that, "Appellant has sent numerous letters to the Mahoning County Clerks Office requesting different paperwork that is in his file, along with an Affidavit of Indigency to cover the cost of such Material. The requested information that the Appellant has requested is the following copies in case number 94-CR-01077; copy of indictment, Motion for Discovery, Bill of Particulars and any and all Transcript that is in the Appellant's file, also a copy of the Suppression Hearing".
On April 8, 1999 Relator filed this instant Writ of Mandamus. On April 22, 1999 Respondent filed a Motion to Dismiss alleging Relator has a plain and adequate remedy in the ordinary course of law and no clear legal right to the relief requested. Respondent also states it has no legal duty to mail copies of public records.
As stated in State ex rel. Hodges v. Taft (1992),64 Ohio St.3d 1, at 3:
 "A writ of mandamus is an order, in this case to a public officer, to perform an act which the law specifically enjoins as a duty resulting from his office. R.C. 2731.01. In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate relief at law. State, ex rel. Harris, v. Rhodes
(1978), 54 Ohio St.2d 41, 8 O.O.3d 36, 374 N.E.2d 641."
Clearly mandamus is the appropriate (and only) vehicle to compel the release of records alleged to be public records under O.R.C. 149.43. See State ex rel. Steckman v. Jackson
(1994), 70 Ohio St.3d 420, and State ex rel. Scripps-HowardBroadcasting Co. v. Cuyahoga Cty. Court of Common Pleas, Juv.Div. (1995), 75 Ohio St.3d 19.
Persons seeking public records pursuant to O.R.C. 149.43 (c) need not establish the lack of an adequate remedy at law in order to be entitled to a writ of mandamus. See State ex rel.Findlay Publishing Co. v. Schroeder (1996), 76 Ohio St.3d 580
at 582 citing to State ex rel. Steckman v. Jackson,supra.
O.R.C. 149.43 states in relevant part:
"(A) As used in this section:
 "(1) `Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, records containing information that is confidential under section 4112.05 of the Revised Code, and records the release of which is prohibited by state or federal law.
"* * *
 "(B) All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, government units shall maintain public records in a manner that they can be made available for inspection in accordance with this division.
 "(C) If a person allegedly is aggrieved by the failure of a governmental unit to promptly prepare a public record and to make it available to him for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a person responsible for it to make a copy available to him in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the governmental unit or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney's fees to the person that instituted the mandamus action. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2
of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution."
The duties of the clerk of courts relevant to this issue before this Court are enumerated in R.C. 2303.08 and 2303.09 which state:
 "2303.08 General duties The clerk of the court of common pleas shall endorse on each pleading or paper in a cause filed in his office the time of filing, enter all orders, decrees, judgments, and proceedings of the courts of which he is the clerk, make a complete record when ordered on the journal to do so, and pay over to the proper parties all moneys coming into his hands as clerk."
 "2303.09 Filing and preserving papers The clerk of the court of common pleas shall file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceedings."
The records sought by Relator are clearly public records and available under R.C. 149.43. Also under this statute and the cited case law, Relator need not establish the lack of an adequate remedy of law in order to be entitled to a writ of mandamus in "public records" cases.
Respondent therefore is under a legal duty to provide access to these public records for inspection to any person at all reasonable times per R.C. 149.43 (B). Respondent is not, however, under a legal duty to mail copies of these records to Relator. See State v. Fenley v. Ohio Historical Soc. (1992),64 Ohio St.3d 509, State ex rel. Nelson v. Fuerst (1993),66 Ohio St.3d 47 and State ex rel. Iacovone v. Kaminski
(1998), 81 Ohio St.3d 189.
While it is impossible for Relator to personally inspect the requested records, he is entitled to name a "surrogate" to inspect, pickup and pay for copies of these records. SeeState ex rel. Steckman v. Jackson, supra, and Stateex rel. Nelson v. Fuerst, supra.
The obligation of Respondent to allow inspection of public records by Relator or his designee or surrogate does not include mailing the records or copies thereof and does not entitle access to free copies of public records. See State ex rel. Plowmanv. Butler County Clerk of Courts (1995), 103 Ohio App.3d 77
at 79 citing to State ex rel. Steckman v. Jackson,supra.
Relator has failed to demonstrate that he has a clear legal right to the relief requested or that Respondent has a clear legal duty to perform the requested act.
Relator's Petition for Writ of Mandamus is denied.
Respondent's Motion to Dismiss is granted.
Costs taxed against Relator.
Final order. Clerk to serve a copy of this order to the parties as provided by the civil rules.