JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Andre Lavette ("plaintiff"), appeals from the dismissal of his complaint against defendants-appellees, Charlie Norwood and Enterprise Car Rental (collectively referred to as "the defendants"), by the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and remand.
 {¶ 2} The record before us reveals the following: On October 7, 2002, plaintiff was involved in a motor vehicle accident. On October 7, 2004, at 10:41 p.m., plaintiff filed a complaint against the defendants for personal injuries arising from that accident.
 {¶ 3} On November 10 and 12, 2004, defendants filed motions to dismiss on the grounds that the two-year statute of limitations expired before the complaint was filed. Specifically, defendants claimed that the complaint was actually filed on October 8, 2004, because the time-stamp indicates 10:41 p.m., which is beyond the hours of the clerk's office, which closes to the general public at 4:30 p.m. every day, and the mandatory filing fee was not paid until October 8, 2004. Plaintiff did not oppose defendants' motions to dismiss and on December 1, 2004, the trial court granted the motions and dismissed plaintiff's complaint.
 {¶ 4} Plaintiff now appeals from that judgment and raises one assignment of error for our review, which states:
 {¶ 5} "I. The trial court erred as a matter of law in granting appellees' motions to dismiss based on the expiration of the statute of limitations, where the last day of the limitations period was October 7, 2004, and the complaint was received, filed and time-stamped by the clerk on October 7, 2004."
 {¶ 6} When ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6) due to the bar of the statute of limitations, the complaint must conclusively show on its face that the action is barred by the expiration of the limitations period. Esselburne v. Ohio Dept. of Agriculture
(1990), 64 Ohio App.3d 578, 580.
 {¶ 7} In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285. A motion under Civ.R. 12(B)(6) must be judged on the face of the complaint alone. State ex rel. Findlay Publishing Co. v. Schroder (1996),76 Ohio St.3d 580, 581.
 {¶ 8} Here, the time-stamp on plaintiff's complaint shows that it was filed on October 7, 2004. Accordingly, it appears from the face of the complaint that it was filed before the expiration of the two-year statute of limitations. See Ibid. Defendants' motions to dismiss, therefore, should not have been granted by the trial court because the complaint does not conclusively show on its face that the action is barred by the statute of limitations.
 {¶ 9} Plaintiff's sole assignment of error is sustained.
 {¶ 10} The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
It is ordered that appellant recover of appellees his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Rocco, J., Concur.