[Cite as *Bilbaran Farm, Inc. v. Bakerwell, Inc.*, 2013-Ohio-2487.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BILBARAN FARM, INC. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12-CA-21 |
| | : | |
| BAKERWELL, INC., ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
                             Common Pleas, Case No. 12-QT-08-
                             0408

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      June 12, 2013

APPEARANCES:

For Plaintiff-Appellant:                For Defendants-Appellees:

WILLIAM PAUL BRINGMAN                   STEVEN J. SHROCK
13 E. College Street                    CLINTON G. BAILEY
Fredericktown, OH 43019-1192            P.O. Box 469
                                        Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Plaintiff-Appellant Bilbaran Farm, Inc. appeals the October 25, 2012 judgment entry of the Knox County Court of Common Pleas dismissing Bilbaran Farm, Inc.'s complaint.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellant Bilbaran Farm, Inc. entered into an oil and gas lease with Professional Petroleum Services, Inc. on May 12, 2003. The lease agreement granted Professional Petroleum Services "all of the oil and gas and the constituents of either, in and under the lands hereinafter described together with the exclusive right to drill and operate for, produce, and market oil and gas and their constituents, the right to lay pipeline to transport oil and gas and their constituents from the lands leased hereunder and other lands, the right to build and install such tanks, equipment and structures ancillary thereto to carry on operations for oil and gas, together with the right to enter thereon at all times and to occupy, possess and use so much of said premises as is necessary and convenient for all purposes described herein * * *."

{¶3} The lease agreement covered 275.67 acres owned by Bilbaran Farm located in Brown Township, Knox County, Ohio. The lease did not specify the amount of wells to be located on the property. The lease agreement contained a provision that if the operation for a well was not commenced on the premises within 12 months from the date of the lease, the lease would terminate as to both parties unless Professional Petroleum Services paid to Bilbaran Farm a certain sum of money. The payment would operate as a rental and deferral of commencement of operations.

{¶4} The lease agreement also provided: "This lease and all its terms, conditions and stipulations shall extend to and be binding on all heirs, successors and assigns of Lessor or Lessee.  This lease contains all of the agreements and understandings of the Lessor and the Lessee respecting the subject matter hereof and no implied covenants or obligations, or verbal representations or promises, have been made or relied upon by Lessor or Lessee supplementing or modifying this lease or as an inducement thereto."

{¶5} On December 4, 2007, Professional Petroleum Services assigned its interest in the Bilbaran Farm oil and gas lease to Defendant-Appellee Bakerwell, Inc. Bakerwell, Inc. then assigned a percentage of its interest in the Bilbaran Farm oil and gas lease to Defendant-Appellee Crescent Oil & Gas, LLC.

{¶6} On August 9, 2012, Bilbaran Farm filed a complaint in the Knox County Court of Common Pleas against Bakerwell, Inc. and Crescent Oil & Gas, LLC.  The complaint was entitled, "Complaint to Quiet Title, Declaratory Judgment and Partial Cancellation of Oil and Gas Lease."  Attached to the complaint were four exhibits, including the oil and gas lease agreement, assignments, and deed to the Bilbaran Farm property.  Bilbaran Farm alleged in its complaint:

4. The grantee of said lease developed said real estate to the extent of drilling and completing three oil and gas wells into the Clinton formation under the surface of said described real estate before the assignments above referred to.

5. Said wells are located in the Township of Brown in the County of Knox and in the State of Ohio.

* * *

7. There has been no further development of the real estate subject to the lease although Plaintiff has made contact with the Defendants concerning the same and has received no response thereto.

8. Defendants have breached their duty under said lease to develop the rest of the undeveloped portion of the lease and have thwarted the purpose of the lease and Plaintiff has been injured as a direct result of said breach.

9. Defendants should not be able to prevent further development of the leased premises, if they have not and are not going to further develop said leased premises as it would be inequitable and unfair to Plaintiff for Defendant to be able to do so.

10. The purpose of Plaintiff in granting said lease to the assignor thereof to Defendants was to have the leased premises fully developed for extraction of all oil and/or gas from said premises.

11. If Defendants are not going to further develop the leased premises, it should be cancelled as to the undeveloped portion thereof, if Defendants do not voluntarily surrender the lease to Plaintiff as it pertains to the undeveloped portion of the premises so leased.

WHEREFORE, Plaintiff demands that the undeveloped portion of the within oil and gas lease be declared void and forfeited with Plaintiff's title to said real estate being quieted as to any of said undeveloped portion thereof with respect to any interest of defendants therein * * *.

{¶7} In lieu of filing an answer to the complaint, Bakerwell and Crescent Oil & Gas filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6). The companies argued that Bilbaran Farm's complaint failed to state a claim upon which relief could be granted because the terms of the lease agreement, upon which Bilbaran Farm's complaint was based, did not contain any express or implied duty to further develop the land. Bilbaran Farm responded, arguing that Bakerwell and Crescent Oil & Gas have left undeveloped 215.67 acres and have not extracted all the oil and gas from the property, as was granted by the oil and gas lease.

{¶8} On October 25, 2012, the trial court granted the motion to dismiss by Bakerwell and Crescent Oil & Gas. It is from this decision Bilbaran Farm now appeals.

## ASSIGNMENT OF ERROR

{¶9} Bilbaran Farm, Inc. raises one Assignment of Error:

{¶10} "THE TRIAL COURT ERRED IN ITS JUDGMENT OF OCTOBER 25, 2012 BY DISMISSING THE COMPLAINT IN THE TRIAL COURT FOR RELIEF TO QUIET TITLE, DECLARATORY JUDGMENT AND PARTIAL CANCELLATION OF OIL AND GAS LEASE. (DOCKET #1)"

## ANALYSIS

{¶11} Bilbaran Farm argues the trial court erred in granting the motion to dismiss pursuant to Civ.R. 12(B)(6). We disagree.

### *Standard of Review*

{¶12} A Civ.R. 12(B)(6) dismissal for failure to state a claim upon which relief can be granted is reviewed de novo since it involves a pure legal issue. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing

*Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5.

{¶13} In order to affirm the trial court's dismissal for failure to state a claim, it must appear beyond doubt that appellant can prove no set of facts warranting the relief requested. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996), citing *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). In conducting this review, the court must presume all the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmovant. *Id.*

{¶14} Where documents are attached or incorporated into the complaint, the face of the complaint to be evaluated includes those documents. *See* Civ.R. 10(C). "Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1, 673 N.E.2d 1281 (1997). "If the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim." *Adlaka v. Giannini*, 7th Dist. No. 05 MA 105, 2006-Ohio-4611, ¶ 34 citing *Aleman v. Ohio Adult Parole Auth.*, 4th Dist. No. 94CA17, 1995 WL 257833 (Apr. 24, 1995).

*Oil and Gas Lease Agreement and the Duty to Further Develop*

{¶15} With respect to oil and gas leases, the Supreme Court of Ohio in *Harris v. Ohio Oil Co.*, 57 Ohio St. 118, 129, 48 N.E. 502 (1897) stated: "The rights and remedies of the parties to an oil or gas lease must be determined by the terms of the written

instrument, and the law applicable to one form of lease may not be, and generally is not, applicable to another and different form. Such leases are contracts, and the terms of the contract with the law applicable to such terms must govern the rights and remedies of the parties." *Moore v. Adams*, 5th Dist. No. 2007AP090066, 2008-Ohio-5953, ¶ 21.

{¶16} The Supreme Court of Ohio has "long adhered to the general principal that absent express provisions to the contrary, a mineral lease includes an implied covenant to reasonably develop the land." *Ionno v. Glen-Gery Corp.*, 2 Ohio St.3d 131, 132, 443 N.E.2d 504 (1983) citing *Beer v. Griffith*, 61 Ohio St.2d 119, 399 N.E.2d 1227 (1980). The Court clarified:

> Certainly the only material inducement which influences a lessor to grant a lessee the power to exercise extensive rights upon his land is his expectation of receiving *** royalties based upon the amount of minerals derived from the land. *** Given the nature of these [royalties], there is manifestly an implied covenant on the part of the lessees that they will work the land with ordinary diligence, not simply for their own advantage and profit, but also so that the lessors may secure the actual consideration for the lease, *i.e.,* the production of minerals and the payment of a royalty on the minerals mined.

*Bushman v. MFC Drilling Inc.*, 9th Dist. No. 2403-M, 1995 WL 434409 (July 19, 1995) citing *Ionno* at 133-134.

{¶17} The claims Bilbaran Farm raises in its complaint is that while three wells are operating on the property, a portion of the property remains undeveloped, defeating the purpose of the lease. A similar factual scenario was raised in the case of *Bushman*

*v. MFC Drilling Inc.*, 9th Dist. No. 2403-M, 1995 WL 434409 (July 19, 1995), *appeal not accepted*, 74 Ohio St.3d 1484, 657 N.E.2d 1377 (1995).  In *Bushman v. MFC Drilling Inc.*, Bushman and MFC Drilling, Inc. executed an oil and gas lease that gave MFC Drilling exclusive right to explore, drill, produce and market gas and oil found beneath the surface of a 27 acre tract of Bushman's land.  *Id.* at *1.  MFC Drilling placed one well into operation; however, 17 acres of Bushman's property remained undeveloped and Bushman collected no royalties on the undeveloped property.  Bushman filed a complaint in the Medina Court of Common Pleas seeking damages for MFC Drilling's breach of an implied covenant under the lease to develop Bushman's property and for termination of the lease.  *Id.*

{¶18} The trial court granted summary judgment in favor of MFC Drilling based on the terms of the oil and gas lease.  *Id.*  Bushman appealed and the Ninth District Court of Appeals affirmed.  As basis for the affirmance, the court of appeals considered the implied covenant to reasonably develop the land and the express terms of the Bushman oil and gas lease.  The court stated:

> While gas and oil leases contain an implied covenant requiring the lessee to reasonably develop the leased property, Ohio courts have consistently enforced express provisions in such leases that disclaim the implied covenant.  *Taylor v. MFC Drilling, Inc.* (Feb. 27, 1995), Hocking App. No. 94CA14, unreported; *Smith v. N.E. Natural Gas* (Sept. 30, 1986), Tuscarawas App. No. 86AP030016, unreported; *Holonko v. Collins* (June 29, 1988), Mahoning App. No. 87CA120, unreported.  As stated by the Ohio Supreme Court in *Harris,* "[t]he implied covenant arises only when

the lease is silent on the subject." *Id.* at 128. The gas and oil lease executed by Bushman and MFC contains the following language:

"It is mutually agreed that this instrument contains and expresses all of the agreements and understandings of the parties in regard to the subject matter thereof, and no implied covenant, agreement or obligation shall be read into this agreement or imposed upon the parties or either of them."

Bushman argues that public policy prohibits a general disclaimer of the implied covenant to develop the leased property. In support of this position, Bushman points out that the gas and oil leases in *Smith* and *Holonko* contained provisions granting the lessee discretion to determine whether to commence drilling operations in addition to a general disclaimer of implied covenants. Bushman goes on to argue that the general disclaimer of implied covenants found in his lease agreement with MFC is ineffective in removing the implied covenant to reasonably develop in the absence of specific language addressing that covenant. We agree with the *Taylor* court, which held that a general disclaimer of implied covenants -- identical to the disclaimer contained in the lease agreement under review -- effectively disclaimed the implied covenant to reasonably develop the leased property. There is no authority, neither statutorily mandated nor judicially created, removing disclaimer of implied covenants in gas and oil leases from the operation of general contract law. Further, upon review of Bushman's arguments, we are unable to conclude that

public policy requires anything more than a general waiver of implied covenants.

*Id.* at \*2.

{¶19} The *Bushman* decision is in accord with this Court's decision in *Smith v. North East Natural Gas Co.*, 5th Dist. No. 86 AP 030016, 1986 WL 11337 (Sept. 30, 1986). The oil and gas lease in *Smith* contained a provision as to the enforceability of implied covenants: "It is mutually agreed that this instrument contains and expresses all of the agreements and understandings of the parties in regard to the subject matter thereof, *and no implied covenant, agreement or obligation shall be read into this agreement or imposed upon the parties or either of them.* (Emphasis added)." *Id*. at \*1.

{¶20} We held:

Judge Rutherford of this court in the Coshocton County Court of Appeals case, *Lake v. Ohio Fuel Gas Co.* (1965), 2 Ohio App.2d 227, stated at 231:

... as stated by the Supreme Court of Ohio in the case of *Harris v. Ohio Oil Co.,* 57 Ohio St. 118 at page 129 of the opinion:

"The rights and remedies of the parties to an oil or gas lease, must be determined by the terms of the written instrument, and the law applicable to one form of lease may not be, and generally is not, applicable to another in different form. Such leases are contracts, and the terms of the contract with the law applicable to such terms, must govern the rights and remedies of the parties."

We conclude that in the case at bar under the terms of the lease-the written contract of the parties-the trial court properly found that Lessee did not violate the express covenant to 1) pay royalties, or 2) to find oil or gas or their constituents on the premises in paying quantities in the judgment of the Lessee; nor did the Lessee violate any implied covenant since the express written language of the contract provided that "no implied covenant, agreement or obligation shall be read into this agreement or imposed upon the parties or either of them."

*Smith*, at *2.

{¶21} In the present case, the oil and gas lease attached to Bilbaran Farm's complaint contains the following provision: "This lease and all its terms, conditions and stipulations shall extend to and be binding on all heirs, successors and assigns of Lessor or Lessee.  This lease contains all of the agreements and understandings of the Lessor and the Lessee respecting the subject matter hereof and no implied covenants or obligations, or verbal representations or promises, have been made or relied upon by Lessor or Lessee supplementing or modifying this lease or as an inducement thereto."  Based on the interpretation of *Bushman* and *Smith*, the language of this provision disclaims the implied covenant to reasonably develop the property.   Bilbaran Farm argues the failure to further develop the property is unfair and inequitable.  Similar to *Bushman's* public policy argument, this is waived by the express disclaimer against an implied covenant to develop the property.  As stated in *Bushman*, "[t]he mere fact that the terms of an executed contract turn out to be unfavorable to one of the parties does not override the fundamental concept in Ohio law that parties enjoy 'freedom of contract'

and are bound to the contractual relationship that they create.  See *Royal Indemn. Co: v. Baker Protective Services, Inc.* (1986), 33 Ohio App.3d 184, 186."  *Bushman v. MFC Drilling*, 1995 WL 434409, at *3.

{¶22} Upon our de novo review of the motion to dismiss, utilizing an analysis most favorable to the Bilbaran Farm, we find the authority of *Bushman* and *Smith* demonstrates Bilbaran Farm can present no facts warranting relief.  The trial court did not err in granting the motion to dismiss of Defendants-Appellees Bakerwell, Inc. and Crescent Oil & Gas, LLC.

{¶23} The sole Assignment of Error of Plaintiff-Appellant Bilbaran Farm, Inc. is overruled.

**CONCLUSION**

{¶17} The judgment of the Knox County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Wise, P.J., and

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN

PAD:kgb/PM5.27.13