[Cite as *State ex rel. Hull v. Culotta*, 2018-Ohio-2145.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>FLOYD J. HULL, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | | |
| | : | **CASE NO. 2018-L-030** |
| - vs - | | |
| | : | |
| VINCENT A. CULOTTA, JUDGE, | | |
| | : | |
| Respondent. | | |

Original Action for Writ of Procedendo.

Judgment:  Petition dismissed.

*Gary Michael Goins*, 13609 Shaker Boulevard, Suite 3-A, Cleveland, OH  44120 (For Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For Respondent).


PER CURIAM.

{¶1}    Relator, Floyd J. Hull, seeks a writ of procedendo to compel Judge Vincent A. Culotta to rule on his petition for post-conviction relief and issue findings of fact and conclusions of law.  We previously affirmed Hull's convictions following his direct appeal.  *State v. Hull,* 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, 77 N.E.3d 484, ¶67, *appeal not allowed,* 149 Ohio St.3d 1465, 2017-Ohio-5699, 77 N.E.3d 988.

{¶2}    Judge Culotta moves to dismiss arguing that Hull has failed to comply with the mandatory filing requirements in R.C. 2969.25(A) and (C); that Hull's petition is moot

since the trial court already ruled on his motion; and that in light of the court's ruling, a final appealable order, Hull has a plain and adequate remedy in the ordinary course of law via a direct appeal. We agree and dismiss Hull's petition.

{¶3} "'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶16, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). "Procedendo is an order from a court of superior jurisdiction to proceed to judgment * * *." *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 67, 671 N.E.2d 24 (1996). A procedendo does not direct a court how to decide a matter, but only directs it to proceed. *Id.*

{¶4} "In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor. Civ.R. 12(B)(6); *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837." *State ex rel. Grove v. Nadel,* 81 Ohio St.3d 325, 326, 1998-Ohio-624, 691 N.E.2d 275 (1998).

{¶5} Hull avers in his petition and attached affidavit that he filed a petition for post-conviction relief in the Lake County Court of Common Pleas case number 2015-CR-00387 on February 10, 2017. And as of Hull's filing his petition in this court, i.e., February 26, 2018, Judge Culotta had yet to rule.

**{¶6}** As stated, Judge Culotta sets forth four reasons dismissal is warranted. First, Judge Culotta points out that Hull has failed to comply with the mandatory filing requirements in R.C. 2969.25(A) and (C).

**{¶7}** Upon the commencement of a civil action or appeal by an inmate against a government entity or employee, R.C. 2969.25(A) states that an inmate "shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

**{¶8}** "(1) A brief description of the nature of the civil action or appeal;

**{¶9}** "(2) The case name, case number, and the court in which the civil action or appeal was brought;

**{¶10}** "(3) The name of each party to the civil action or appeal;

**{¶11}** "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."

**{¶12}** As alleged, Hull does not satisfy this requirement and this alone warrants dismissal. "'Failure to timely file the required affidavit of prior civil actions mandates dismissal of the petition.'" *Turner v. Coulson,* 11th Dist. Lake No. 2015-L-087, 2015-Ohio-5341, ¶6, citing *State ex rel. Washington v. Ohio Adult Parole Auth.,* 87 Ohio St.3d 258, 259 (1999).

{¶13} Hull likewise fails to satisfy the requirement in R.C. 2969.25(C)(1) that he provide a certified copy of his inmate account for the prior six months, and this failure likewise warrants dismissal. *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438, ¶5.

{¶14} Finally, as his third and fourth arguments, Judge Culotta urges dismissal because the trial court has already ruled on Hull's petition for post-conviction relief, and as such, Hull has an adequate remedy at law via a direct appeal and his petition is rendered moot.

{¶15} As argued, the trial court initially ruled on Hull's petition for post-conviction relief on March 28, 2018 and found his arguments barred by res judicata, and it recently issued an amended judgment entry with findings of fact and conclusions of law. *State ex rel. Findlay Publishing Co. v. Schroeder,* 76 Ohio St.3d 580, 581, 1996-Ohio-360, 669 N.E.2d 835 (1996) (courts may take judicial notice of appropriate matters in determining a motion to dismiss without converting it to a motion for summary judgment). Thus, Hull has an adequate remedy at law since he can pursue a direct appeal. *State, ex rel. Utley v. Abruzzo,* 17 Ohio St.3d 203, 204-05, 478 N.E.2d 789 (1985) (holding that the existence of the right to a direct appeal is fatal to a request for procedendo). The instant petition is also moot due to the trial court's ruling. *Davis v. Smalheer,* 11th Dist. Geauga No. 2010-G-2982, 2010-Ohio-6061, ¶5, citing *Perry v. McKay,* 11th Dist. Trumbull No. 2009-T-0023, 2009-Ohio-5767, ¶16 (finding merits of procedendo claim moot when judicial officer already completed act that relator sought to compel).

{¶16} Hull's petition for writ of procedendo is dismissed.

THOMAS R. WRIGHT, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.

4