[Cite as *Helfrich v. Madison*, 2012-Ohio-3701.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| | : | JUDGES: |
| JAMES HELFRICH | : | Patricia A. Delaney, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011-CA-89 |
| | : | |
| | : | |
| TIMOTHY G. MADISON, et al., | : | O P I N I O N |
| | | |
| Defendant-Appellee | | |


CHARACTER OF PROCEEDING:          Civil Appeal from Licking County
                                                          Court of Common Pleas Case No.
                                                          07-CV-394

JUDGMENT:                                        Affirmed In Part and Reversed
                                                          and Remanded In Part

DATE OF JUDGMENT ENTRY:          August 13, 2012

APPEARANCES:

For Plaintiff-Appellant                         For Defendant-Appellee

CHRISTOPHER M. CORRIGAN          TIMOTHY MADISON
19041 Lake Road                              KRISTIN E. ROSAN
Rocky River, Ohio  44116                  Madison & Rosan, LLP
                                                          39 East Whittier Street
                                                          Columbus, Ohio  43206

*Edwards, J.*

{¶1} Appellant, James Helfrich, appeals a judgment of the Licking County Common Pleas Court awarding appellees Timothy Madison and Madison & Rosan, LLP (the lawyer defendants) and Carol Strickland, David Garner and N.R.T. Columbus Inc. d.b.a. Coldwell Banker King Thompson Realty (the real estate defendants) attorney's fees and costs in the amount of $118,451.05.

## STATEMENT OF FACTS AND CASE

{¶2} In February of 2004, Appellant filed suit in the Licking County Municipal Court against appellees Strickland, Garner and Coldwell Banker over the sale of a home to appellant. Appellant dismissed the municipal court case and brought suit for the same claims in Licking County Common Pleas Court (Case No. 05 CV 00120) in January of 2005, seeking $27,000.00 in damages. Appellees were granted summary judgment when appellant failed to present any evidence of damages. In that case, Appellant sought to amend to join the defendants' counsel, Timothy Madison, as a defendant. The motion was denied.

{¶3} On March 16, 2007, appellant filed a pro se complaint in the instant case alleging tortious interference with a business relationship, abuse of process and fraud against the real estate defendants, whom he had sued in the prior two cases, and against the lawyer defendants, who had represented the real estate defendants in the prior cases. On April 13, 2007, appellees filed a motion to dismiss the complaint, or in the alternative for summary judgment, and a counterclaim asserting that appellant is a vexatious litigator as defined by R.C. 2323.52.

{¶4} The trial court granted summary judgment on the vexatious litigator counterclaim in favor of appellees without addressing the motion to dismiss the complaint. This Court reversed the summary judgment and remanded for further proceedings in *Helfrich v. Madison*, 5th Dist. No. 08-CA-150, 2009-Ohio-5140.

{¶5} Following our remand, the trial judge recused himself and a visiting judge was assigned to conduct all further proceedings in this case. Appellant amended his complaint on February 16, 2010, adding Mark Serrott as an additional defendant. Appellees moved to strike the amended complaint. Before ruling on the motion to strike, the trial court stayed all proceedings in order to rule on the counterclaim. Following a bench trial, the court found that appellant is a vexatious litigator who must obtain leave of court to file or pursue a claim in any Ohio trial court. Appellant appealed this judgment, and this Court affirmed. *Helfrich v. Madison*, 5th Dist. No. 11-CA-26, 2012-Ohio-551.

{¶6} On March 14, 2011, appellant voluntarily dismissed all claims against appellees. Appellees filed a timely post-judgment motion for attorney fees and expenses for frivolous conduct pursuant to R.C. 2323.51. The trial court held an evidentiary hearing on the motion. Following the hearing, the trial court found that appellant had engaged in frivolous conduct as defined by R.C. 2323.51 and ordered him to pay appellees' attorney fees and expenses in the amount of $118,451.05. Appellant assigns the following errors on appeal:

{¶7} "I. AS A MATTER OF LAW, THE EVIDENCE PRESENTED AT THE HEARING ESTABLISHED THAT HELFRICH'S ACTIONS IN THIS MATTER WERE NOT FRIVOLOUS.

{¶8} "II. THE COURT ERRED AS A MATTER OF LAW BY SHIFTING THE BURDEN OF PROOF TO THE NON-MOVING PARTY.

{¶9} "III. THE COURT'S AWARD WAS EXCESSIVE AND BEYOND THE AUTHORITY PROVIDED BY THE STATUTE.

{¶10} "IV. THE TRIAL COURT ERRED BY AWARDING ATTORNEY FEES FOR MADISON & ROSAN IN REPRESENTING THEMSELVES.

{¶11} "V. THE CLIENTS AND FIRM ARE SECONDARILY RESPONSIBLE FOR THE EGREGIOUS ACTIONS OF TIMOTHY MADISON.

I

{¶12} In his first assignment of error, appellant argues that the court erred as a matter of law in finding that his conduct in filing the original complaint was frivolous.

{¶13} The trial court found that appellant's conduct was frivolous as defined by R.C. 2323.51(A)(2):

{¶14} "(2) 'Frivolous conduct' means either of the following:

{¶15} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

{¶16} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶17} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

**{¶18}** "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**{¶19}** "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

**{¶20}** This Court outlined the standard of review on a determination of frivolous conduct in *Kinnison v. Advance Stores Company,* Richland App. No. 2005CA0011, 2006-Ohio-222, ¶ 19-21:

**{¶21}** "R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal that was adversely affected by frivolous conduct. 'Frivolous conduct,' as defined in R.C. 2323.51(A)(2)(a)(i), includes conduct that 'obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation'.

**{¶22}** "As the court found in *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 673 N.E.2d 628, no single standard of review applies in R.C. 2323.51 cases, and the inquiry necessarily must be one of mixed questions of law and fact. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. *Wiltberger,* supra, at 51-52, 673 N.E.2d 628. 'When an inquiry is purely a question of law, clearly an appellate court need not defer to the judgment of the trial court. *Id.* However, we do find some degree of deference

appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. *Id.* This standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.' *Id.* at 51-52, 376 N.E.2d 578.

{¶23} "Where a trial court has found the existence of frivolous conduct, the decision whether or not to assess a penalty lies within the sound discretion of the trial court. *Id.* at 52, 376 N.E.2d 578, 110 Ohio App.3d 46, 673 N.E.2d 628. Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable. *Tracy v. Merrell-Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875. Furthermore, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. *Stone v. House of Day Funeral Serv., Inc.* (2000), 140 Ohio App.3d 713, 748 N.E.2d 1200."

{¶24} Appellant filed the instant case asserting claims of tortious interference with a business relationship, abuse of process and fraud. The claims arose in connection with a prior case concerning a residence appellant had purchased as rental property. In essence, appellant argued that because of the harassing techniques employed by the appellees during the discovery process in the prior case, appellant's tenant moved out of the residence.

{¶25} The trial court made extensive findings of fact concerning his conclusion that appellant's pleadings demonstrate no possible claim against the appellees:

**{¶26}** "The plaintiff's pleadings assert claims for interference with business relations and abuse of process with no factual support. Evidence at the frivolous conduct hearing made clear that the plaintiff had no possible claim against the lawyer defendants on either of these legal theories.

**{¶27}** "In order to establish tortious interference with a business relationship or contract, a party must demonstrate: (1) a business relationship or contract; (2) the wrongdoer's knowledge of the relationship or contract; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages. *Norris v. Philander Chase Co.*, 2010-Ohio-6653, 10-CA-04 (5th Dist.) at ¶'s 9-10 (reversing denial of frivolous conduct sanctions where evidence fails to support this claim). *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 1999-Ohio-260, 85 Ohio St.3d 171, 707 N.E.2d 853 (Ohio 1999); *Kenry v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 1995-Ohio-61.

**{¶28}** "There was no basis for a finding, or a likelihood that further investigation or discovery would support a finding, that any of the defendants sought to cause or even encourage the termination of the relevant tenancy. There was no evidence that any of the defendants would benefit from the tenant's relocation. Further, the evidence unquestionably established the lawyers' privilege to conduct discovery pursuant to the Civil Rules and subsequent court approval. In this case, the plaintiff made no effort to explain why the lawyers' qualified immunity does not apply here, and his refusal to testify impliedly admits that he had no basis for such claim.

{¶29} "Likewise, the plaintiff's claim for abuse of process is totally conclusory with no factual support. To support a claim for abuse of process, a plaintiff must show: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. *Dever v. Lucas*, 2008-Ohio-332, No. 2007CAE060030 (5th Dist.): *Yaklevich v. Kemp Schaeffer and Rose Co., L.P.A.,* 68 Ohio St.3d 294, 298, 1994-Ohio-503.

{¶30} "Without any factual support, the plaintiff asserted that those lawyers misused these two discovery procedures in order to harass the tenant. In this case the defendant lawyers did not set a legal proceeding in motion. They defended against the plaintiff's claims by attempting to inspect the subject property and by attempting to depose the occupant.

{¶31} "There was no basis for a finding, or reason to believe that further investigation or discovery would support a finding, that any defendant pursued any disputed discovery procedure for a perverted purpose or any ulterior purpose for which it was not designed. Indeed, the court in the Strickland [case] expressly approved some of those discovery requests when the plaintiff and his tenant challenged them. Rather than co-operating [sic] with lawful discovery attempts the plaintiff and his tenant aggressively obstructed them. The lawyers never succeeded in inspecting the interior of the house until the tenant moved and never obtained her deposition. The plaintiff's refusal to testify and subject himself to cross-examination demonstrates his lack of any basis for that assertion."

**{¶32}** The trial court's findings were supported by the evidence presented at the hearing. The trial court specifically found that the testimony of the tenant was not credible. The court called the tenant as its own witness to testify at the hearing. She testified that she terminated her tenancy because she was distressed by the appellees' unsuccessful efforts to inspect the home she rented from appellant, and she was distressed by the ongoing efforts of appellees to interview her or take her deposition as a witness. However, as noted by the trial court, most of the alleged harassment occurred after she began to search for a new place to live, and she avoided efforts to allow appellees to conduct discovery concerning the property even knowing the court supported these efforts. Her testimony reflects that she blamed appellees for the lawsuit, although it was appellant who filed the case. Further, she claimed she filed a motion for a protective order in that case without anyone's assistance, yet at the time of the instant hearing she had no understanding of the terms and arguments it contains. The evidence presented at the hearing demonstrated that appellees did not engage in malicious or harassing conduct in attempting to inspect the house in conjunction with appellant's lawsuit against them, but were merely trying to obtain their discovery rights to inspection of the property. At most, appellant's evidence arguably demonstrated that the lawyer defendants failed to comply with appropriate discovery procedures, but there is no evidence of improper motive or purpose.

**{¶33}** In addition, as noted by the court, appellant filed these same claims against these same appellees three times. He first filed these same claims against the real estate agents and their corporate broker in Licking County Common Pleas No. 05-CV-0120. Then after voluntarily dismissing the claims in the instant case on March 14,

2011, he filed an application as a vexatious litigator to refile the same claims against the same defendants on August 1, 2011.

{¶34} The trial court did not err in finding that appellant's conduct in filing and pursuing the complaint constituted frivolous conduct as defined by R.C. 2323.51. The first assignment of error is overruled.

II

{¶35} In his second assignment of error, appellant argues that the court erred in placing the burden of proof on him, as the non-moving party. He argues the court sought to have appellant testify and explain his reasons for filing the suit.

{¶36} The judge's lengthy opinion does not reflect that he shifted the burden of proof to appellant. The court carefully examined the evidence presented at the hearing and determined that appellant's conduct was frivolous. While the court does in several places comment on appellant's failure to testify and explain his actions, the court did not shift the burden of proof to appellant. Rather, the court took note that there was no evidence presented by appellant to successfully contradict the evidence presented by appellees that his conduct in filing and pursuing the complaint was frivolous.

{¶37} The second assignment of error is overruled.

III

{¶38} In his third assignment of error, appellant argues that the court erred in awarding fees for his defense of the vexatious litigator counterclaim.

{¶39} Appellees argue that because the fee award was in conjunction with the same civil action as appellant's original claim, they are entitled to an award of fees, citing *Mid-Ohio Mechanical v. Eisenmann*, 5th Dist. No. 07 CA 000035, 08 CA 00012,

2009-Ohio-5804. In that case, Eisenmann argued that the court erred in awarding fees for frivolous conduct without a specific showing that Mid-Ohio incurred additional attorney fees as a direct, identifiable result of defending the particular frivolous conduct. We disagreed, holding:

**{¶40}** "Eisenmann cites several cases in support of its proposition that Mid-Ohio was required to prove attorney fees directly linked to the frivolous conduct found by the trial court. The cases cited by Eisenmann all cite or link through another cite to *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 54, 673 N.E.2d 628. In *Wiltberger,* the 10th District Court of Appeals held that where a determination of frivolous conduct has been made, the party seeking R.C. 2323.51 attorney's fees must affirmatively demonstrate that he or she incurred additional attorney's fees as a direct, identifiable result of defending the frivolous conduct in particular. *Id.* The court noted that the statute itself speaks to this requirement and disallows an award in excess of fees "reasonably incurred and necessitated by the frivolous conduct." *Id.,* citing R.C. 2323.51(B)(3).

**{¶41}** "The statute at the time *Wiltberger* was decided provided in pertinent part:

**{¶42}** "'(B)(1) Subject to division (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.

**{¶43}** "'(3) The amount of an award that is made pursuant to division (B)(1) of this section shall not exceed, and may be equal to or less than, whichever of the following is applicable:

**{¶44}** "'(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were both reasonably incurred by a party and necessitated by the frivolous conduct.'

**{¶45}** "However, the statute was amended in 1996 to change the language concerning the necessity of fees being reasonably incurred and necessitated by the frivolous conduct. The current version of the statute provides in pertinent part:

**{¶46}** "(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal ...

**{¶47}** "3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:

**{¶48}** "b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.' R.C. 2323.51(B)(1), (3)(b).

**{¶49}** "We find that based on the revision of the statute, Eisenmann's reliance on *Wiltberger* and its progeny is misplaced. The amendment to the statute clearly removed the requirement that fees be necessitated by the frivolous conduct, and replaced it with

language allowing a party to recover attorney's fees 'reasonably incurred' by a party in a civil action.

**{¶50}** "While not expressly discussing *Wiltberger* or the revision to the statute, the 10th District revisited the issue in *Neubauer v. Ohio Remcon, Inc.,* Franklin App. No. 05AP-946, 2006-Ohio-1481. In that case the appellant argued that the court should not have awarded sanctions for payment of attorney fees associated with appellee's counterclaim. The court held that R.C. 2323.51 did not limit the award of fees to those incurred as a result of appellant's filings only, but allowed an award of fees "incurred in connection with the civil action." *Id.* at ¶ 50. The court concluded that based on the evidence of fees incurred in connection with the action, the trial court did not abuse its discretion in awarding an amount equal to appellee's fees and court costs. *Id.*

**{¶51}** "Based on the wording of the statute, we find no abuse of discretion in the court's award of attorney fees for frivolous conduct. As discussed earlier, there was abundant evidence to support the court's findings that the fees incurred by Mid-Ohio were reasonably incurred in the action. The court did not abuse its discretion in awarding attorney fees beyond those paid from the cash deposit pursuant to R.C. 1311.16 for Eisenmann's frivolous conduct." *Id.* at ¶148-159.

**{¶52}** However, we do not read our decision in *Mid-Ohio* so broadly as to encompass a counterclaim that is in effect a separate action from the underlying complaint.  A party seeking to have a person declared a vexatious litigator must do so in a civil action pursuant to R.C. 2323.52.  This statute has been interpreted to require the filing of a separate action or a counterclaim.  A party seeking to have a person declared a vexatious litigator may not do so merely by motion filed in the underlying

case. *Kinstle v. Union County Sheriff's Office*, 3rd Dist. No. 14-07-16, 2007-Ohio-6024, ¶9. Therefore, although the filing of the instant complaint was a part of appellees' claim that appellant is a vexatious litigator, the counterclaim seeking to have appellant declared a vexatious litigator is a separate action and appellees must show frivolous conduct in the defense of the counterclaim in order to be entitled to fees.

{¶53} Appellees failed to present evidence that appellant acted in a frivolous manner in his defense of the counterclaim. Certainly appellant is entitled to defend himself when a counterclaim is filed against him. Appellant prevailed on his first appeal of the summary judgment finding him to be a vexatious litigator because the court had based its judgment on material that was not of evidentiary quality as required by Civ. R. 56. Further, appellee Madison specifically testified that appellant was not frivolous in choosing to defend himself. Tr. (II) 97. While Madison testified that appellant filed things that he would deem frivolous, there was no specific evidence presented concerning what documents appellant filed in defense of the counterclaim that were frivolous, nor did the trial court make specific findings of frivolous conduct in conjunction with the counterclaim. The trial court found that the counterclaim sought to show "vexatious conduct," which is tantamount to "frivolous conduct." While the two statutes share similar definitions, the issue is not whether appellant engaged in frivolous conduct in his past lawsuits so as to meet the definition of a vexatious litigator, but whether he engaged in frivolous conduct specifically in relation to his defense of the vexatious litigator complaint. Further, the trial court found that appellees should recover fees and expenses "for a public service beyond their own interests by restraining a vexatious litigator's future imposition on the courts and other potential defendants." Judgment

Entry, August 19, 2011, p. 15. However, there is no statutory or legal authority for the award of fees on this basis.

{¶54} The third assignment of error is sustained.

IV

{¶55} Appellant argues that the trial court erred in awarding fees to attorneys who represented themselves. Appellant cites *State ex rel Thomas v. Ohio State University,* 71 Ohio St.3d 245, 251, 643 N.E.2d 126, 131(1994), in which the Ohio Supreme Court held that a pro se litigant, in that case an attorney representing himself, cannot obtain attorney fees.

{¶56} In the instant case, Madison and Madison & Rosan were not merely representing themselves, but were representing the real estate defendants. The evidence presented at the hearing reflected that the fees were invoiced to Coldwell Banker. The fees would have been the same regardless of whether the lawyer defendants were named in the lawsuit, as the claims were filed against all parties including the real estate defendants.

{¶57} The fourth assignment of error is overruled.

V

{¶58} In his final assignment of error, appellant argues that the real estate defendants were liable for the actions of the lawyer defendants in the manner in which they conducted discovery in the municipal court case on a theory of respondeat superior. As we found in the first assignment of error that the court did not err in finding appellant's claims against the lawyer defendants to be frivolous, this assignment of error is moot.

**{¶59}**  The fifth assignment of error is overruled.

**{¶60}**  The judgment of the Licking County Common Pleas Court is affirmed in part and reversed in part.  This cause is remanded to the court with instructions to calculate the amount of fees and expenses incurred in conjunction solely with the complaint filed by appellant and not including fees and expenses incurred in pursuit of appellees' counterclaim.  Costs split evenly between the parties.


By: Edwards, J.

Delaney, P.J. and

Wise, J. concur


_____

_____

_____

JUDGES


JAE/r0604

[Cite as *Helfrich v. Madison*, 2012-Ohio-3701.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES HELFRICH | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TIMOTHY G. MADISON, et al., | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-89 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part. This cause is remanded to the court with instructions to calculate the amount of fees and expenses incurred in conjunction solely with the complaint filed by appellant and not including fees and expenses incurred in pursuit of appellees' counterclaim. Costs split evenly between the parties.

_____

_____

_____

JUDGES