[Cite as *Helfrich v. Madison*, 2014-Ohio-1928.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES HELFRICH | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13-CA-57 |
| TIMOTHY MADISON, ET AL. | |
| | |
| Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Licking County Court of
Common Pleas Court, Case No. 07-CV-394


JUDGMENT:  Affirmed in part; Reversed in part; and
Final Judgment Entered


DATE OF JUDGMENT ENTRY:  May 5, 2014


APPEARANCES:


For Appellant      For Appellees


JAMES HELFRICH, PRO SE   MADISON AND ROSAN LLP
P.O. Box 921       39 East Whittier Street
Pataskala, Ohio 43062    Columbus, Ohio 43206

*Hoffman, P.J.*

{¶1}   Appellant, James Helfrich, appeals the June 26, 2013 Judgment Entry entered by the Licking County Common Pleas Court awarding appellees Timothy Madison and Madison & Rosan, LLP ("Lawyer Defendants") and Carol Strickland, David Garner and N.R.T. Columbus Inc. d.b.a. Coldwell Banker King Thompson Realty ("Real Estate Defendants") attorney's fees and costs in the amount of $45,566.23.

STATEMENT OF FACTS AND CASE

{¶2}   In February of 2004, Appellant filed suit in the Licking County Municipal Court against appellees Strickland, Garner and Coldwell Banker over his purchase of a home.  Appellant dismissed the Municipal Court case and brought suit for the same claims in Licking County Common Pleas Court (Case No. 05 CV 00120) in January of 2005, seeking $27,000.00 in damages. Appellees were granted summary judgment when Appellant failed to present any evidence of damages. In that case, Appellant sought to amend his complaint to join the defendants' counsel, Timothy Madison, as a defendant. The motion was denied.

{¶3}   On March 16, 2007, Appellant filed a pro se complaint in the instant case alleging tortious interference with a business relationship, abuse of process and fraud against the Real Estate Defendants, whom he had sued in the prior two cases, and against the Lawyer Defendants, who had represented the Real Estate Defendants in the prior cases. On April 13, 2007, Appellees filed a motion to dismiss the complaint, or in the alternative for summary judgment, and a counterclaim asserting Appellant is a vexatious litigator, as defined by R.C. 2323.52.

**{¶4}** The trial court granted summary judgment on the vexatious litigator counterclaim in favor of Appellees without addressing the motion to dismiss the complaint. This Court reversed the trial court's granting of summary judgment and remanded for further proceedings in *Helfrich v. Madison,* 5th Dist. No. 08–CA–150, 2009–Ohio–5140.

**{¶5}** Following our remand, the trial judge recused himself and a visiting judge was assigned to conduct all further proceedings in the case. Appellant amended his complaint on February 16, 2010, adding Mark Serrott as an additional defendant. Appellees moved to strike the amended complaint. Before ruling on the motion to strike, the trial court stayed all proceedings in order to rule on the counterclaim. Following a bench trial, the court found Appellant to be a vexatious litigator who must obtain leave of court to file or pursue a claim in any Ohio trial court. Appellant appealed. This Court affirmed the trial court's judgment. *Helfrich v. Madison,* 5th Dist. No. 11–CA–26, 2012–Ohio–551.

**{¶6}** On March 14, 2011, Appellant voluntarily dismissed all claims against Appellees. Appellees filed a timely post-judgment motion for attorney fees and expenses for frivolous conduct, pursuant to R.C. 2323.51. The trial court held an evidentiary hearing on the motion. Following the hearing, the trial court found Appellant had engaged in frivolous conduct, as defined by R.C. 2323.51, and ordered Appellant pay Appellees' attorney fees and expenses in the amount of $118,451.05.

**{¶7}** Appellant appealed the trial court's decision in *Helfrich v. Madison*, Licking App. No. 2011-CA-89, 2012-Ohio-3701. This Court again reversed the decision of the trial court in part, and remanded the matter to the trial court holding,

**{¶8}** "However, we do not read our decision in *Mid–Ohio* so broadly as to encompass a counterclaim that is in effect a separate action from the underlying complaint. A party seeking to have a person declared a vexatious litigator must do so in a civil action pursuant to R.C. 2323.52. This statute has been interpreted to require the filing of a separate action or a counterclaim. A party seeking to have a person declared a vexatious litigator may not do so merely by motion filed in the underlying case. *Kinstle v. Union County Sheriff's Office,* 3rd Dist. No. 14–07–16, 2007–Ohio–6024, ¶ 9. Therefore, although the filing of the instant complaint was a part of appellees' claim that appellant is a vexatious litigator, the counterclaim seeking to have appellant declared a vexatious litigator is a separate action and appellees must show frivolous conduct in the defense of the counterclaim in order to be entitled to fees.

**{¶9}** "Appellees failed to present evidence that appellant acted in a frivolous manner in his defense of the counterclaim. Certainly appellant is entitled to defend himself when a counterclaim is filed against him. Appellant prevailed on his first appeal of the summary judgment finding him to be a vexatious litigator because the court had based its judgment on material that was not of evidentiary quality as required by Civ. R. 56. Further, appellee Madison specifically testified that appellant was not frivolous in choosing to defend himself. Tr. (II) 97. While Madison testified that appellant filed things that he would deem frivolous, there was no specific evidence presented concerning what documents appellant filed in defense of the counterclaim that were frivolous, nor did the trial court make specific findings of frivolous conduct in conjunction with the counterclaim. The trial court found that the counterclaim sought to show 'vexatious conduct,' which is tantamount to 'frivolous conduct.' While the two statutes share similar

definitions, the issue is not whether appellant engaged in frivolous conduct in his past lawsuits so as to meet the definition of a vexatious litigator, but whether he engaged in frivolous conduct specifically in relation to his defense of the vexatious litigator complaint. Further, the trial court found that appellees should recover fees and expenses 'for a public service beyond their own interests by restraining a vexatious litigator's future imposition on the courts and other potential defendants.' Judgment Entry, August 19, 2011, p. 15. However, there is no statutory or legal authority for the award of fees on this basis.

{¶10} "The third assignment of error is sustained.

{¶11} "***

{¶12} "The judgment of the Licking County Common Pleas Court is affirmed in part and reversed in part. This cause is remanded to the court *with instructions to calculate the amount of fees and expenses incurred in conjunction solely with the complaint filed by appellant and not including fees and expenses incurred in pursuit of appellees' counterclaim.* Costs split evenly between the parties." (Emphasis added.)

{¶13} Appellees attempted to appeal this Court's decision to the Ohio Supreme Court relative to this Court's denial of fees associated with the vexatious litigator counterclaim proceedings. Appellant Helfrich attempted to cross-appeal this Court's decision relating to fees for his engaging in frivolous conduct as to his own claims. On March 13, 2013, the Ohio Supreme Court denied the requests of both sides for further review.

{¶14} On remand, the trial court conducted an evidentiary hearing on April 29, 2013 and June 19, 2013 to supplement the evidence submitted at the earlier sanction

hearings on June 23, 2011 and August 18, 2011. Via Opinion and Judgment Entry of June 26, 2013, the trial court held,

{¶15} "For its analysis, this Court divided the services and related fees that counsel provided for the defendants into six categories: (1) services in this Court that related solely to Mr. Helfirch's claims; (2) services in this Court that related to both Mr. Helfrich's claims and the vexatious litigator counterclaim; (3) services in this Court that related to the defendants' motion for sanctions pursuant to R.C. 2323.51 for both Mr. Helfrich's claims and the vexatious litigator counterclaim; (4) services in the Court of Appeals to defend this Court's order relating to sanctions pursuant to R.C. 2323.51 for both Mr. Helfrich's claims and the vexatious litigator counterclaim; (5) services in the Ohio [SIC] Ohio Supreme Court that related solely to this Court's order pursuant to R.C. 2323.51 for Mr. Helfrich's claims; and (6) services in this court on remand from the Court of Appeals relating solely to sanctions pursuant to R.C. 2323.51 for Mr. Helfrich's claims.

{¶16} "Where specific services related to both Mr. Helfrich's claims and the vexatious litigator counterclaim, there was *no practical method to allocate* the resulting fees. Defendants' counsel contended that the entire fee should be recoverable. Mr. Helfrich argued that none of it should be recoverable. *Recognizing that the primary purpose of that specific service could support either activity, this Court allocated half of the resulting fees for all those services to their defense of Mr. Helfrich's claims.*" (emphasis added).

{¶17} From the evidence at the hearings, the trial court found Appellees reasonably incurred:

CATEGORY ONE

{¶18} "**$5,266.55** as attorney fees and expenses for services in this Court that related solely to their defense of Mr. Helfrich's claims."

CATEGORY TWO

{¶19} "**$11.919.40** ($23,838.81 divided by 2) as one-half of the attorney fees and expenses for services in this Court that related to both Mr. Helfrich's claims and the vexatious litigator counterclaim."

CATEGORY THREE

{¶20} "**$11,017.69** ($22,035.38 divided by 2) as one-half of attorney fees and expenses for services in this Court that related to the defendants' motion for sanctions pursuant to R.C. 2323.51 for both Mr. Helfrich's claims and the vexatious litigator counterclaim. See *Ron Scheiderer & Assoc. v. London,* 1998-Ohio-453, 81 Ohio St.3d 94, Syllabus ("An award of attorney fees made by a court pursuant to former R.C. 2323.51 may include fees incurred in prosecuting a motion for sanctions"); *Ferron v. Video Professor; Inc.* (5th Dist.), 2009-Ohio-3133, 08-CAE-09-0055, ¶s 111-112."

CATEGORY FOUR

{¶21} "**$5,110.95** ($10,221.90 divided by 2) as one-half of attorney fees and expenses for services in the Court of Appeals to defend this Court's order relating to sanctions pursuant to R.C. 2323.51 for both Mr. Helfrich's claims and the vexatious litigator counterclaim. This Court lacks authority to impose sanctions for an allegedly frivolous appeal. *Mueller* v. *City of Vandalia,* 2d. Dist. No. 17285, 1999 WL 197971 *3, (Mar. 31, 1999). However, this Court recognizes a split of authority whether fees reasonably incurred to defend an appeal from the sanctions order are recoverable.

Compare *Soler v. Evans,* 2006-Ohio-5402, No. 04AP-314 (10th Dist.), ¶s 24-27 and *Dudley* v *Dudley,* 2011-Ohio-5870, 196 Ohio App.3d 671 (12th Dist.) *with Early v.Toledo Blade Co.,* 2013-Ohio-404, L-11-1002 (6th Dist), citing and relying on *State ex: rel Ohio Dept of Health v. Sowald* (1992), 65 Ohio St.3d 338 (R.C. 2323.51 not applicable to appeal from original action in the Court of Appeals). This Court cannot find any decision from the Court of Appeals for the Fifth District. Relying on the Supreme Court's *post-Sowald* decision in *Ron Scheiderer, supra,* and the amendments to R.C. 2323.51 after at least one arguably contrary decision, this Court concludes that the better decisions permit that recovery."

## CATEGORY FIVE

**{¶22}** "**$2,522.00** as attorney fees and expenses for services in the Ohio Supreme Court solely to defend this Court's order and the appeals court's affirmance for Mr. Helfrich's claims."

## CATEGORY SIX

**{¶23}** "**$9,729.64** as attorney fees and expenses for services in this Court on remand from the Court of Appeals relating solely relating to sanctions pursuant to R.C. 2323.51 for Mr. Helfrich's claims.

**{¶24}** "Therefore, this Court enters its judgment that the defendants shall recover the total of **$45,566.23** from James Helfrich pursuant to R.C. 2323.51 as reasonable fees and expenses they inc45red [sic] in conjunction with his Complaint in this case."

**{¶25}** Appellant appeals the trial court's judgment, assigning as error:

**{¶26}** "I. THE TRIAL COURT ERRED WHEN IT AWARDED FEES AND EXPENSES IN EXCESS OF THE APPELLATE COURT'S ENTRY OF AUGUST 13, 2012.

**{¶27}** "II. THE TRIAL COURT ERRED WHEN IT CONSIDERED FEES AND EXPENSES FROM A FIRM'S LEDGER THAT CANNOT BE PARSED AND WHEN THERE IS NOT ADMISSIBLE EVIDENCE.

**{¶28}** "III. THE TRIAL COURT ERRED WHEN IT VIOLATED APPELLATE RULE 12(D).

**{¶29}** "IV. JUDGE MARKUS NOW OPENS THIS ENTIRE APPEAL FOR REVIEW.

**{¶30}** "V. HELFRICH ARGUES THAT THE CASE AGAINST MADISON IS NOT FRIVOLOUS AND THAT HIS FORMER COUNSEL FAILED TO MAKE A NUMBER OF ARGUMENTS.

**{¶31}** "VI. THE TRIAL COURT ERRED WHEN IT AWARDED FEES AND EXPENSES WITHOUT ANY ADMISSIBLE TESTIMONY OR EVIDENCE.

**{¶32}** "VII. THE TRIAL COURT ERRED WHEN IT AWARDED FEES AND EXPENSES FOR APPEALS AND THE SUPREME COURT.

**{¶33}** "VIII. THE TRIAL COURT ERRED WHEN IT AWARDED FEES AND EXPENSES FOR THE COST HEARINGS.

**{¶34}** "IX. THE TRIAL COURT ERRED WHEN IT DENIED HELFRICH DOCUMENTS AND STATEMENTS OF MONETARY REQUEST.

**{¶35}** "X. THE TRIAL COURT ERRED WHEN IT ORDERED HELFRICH TO PREPARE A LIST OF SERVICES THAT HELFRICH DID NOT DISPUTE AND USED ABUSIVE LANGUAGE.

**{¶36}** "XI. THE TRIAL COURT ERRED WHEN IT DENIED WITNESSES.

**{¶37}** "XII. THE TRIAL COURT ERRED WHEN IT AWARDED FEES AND EXPENSES IN EXCESS OF EVIDENCE IN THE RECORD.

**{¶38}** "XIII. THE TRIAL COURT ERRED WHEN IT REIMBURSED OPPOSING PARTY FOR GIFTS.

**{¶39}** "XIV. THE COURT ERRED WHEN IT ESCALADED COURT COSTS."

I, II, III, VI, VII, VIII, IX, X, XI, XII, XIII, and XIV.

**{¶40}** Upon review, Appellants first, second, third, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth assignments of error raise common and interrelated issues; therefore, we will address the arguments together. We note our order on remand was to determine fees and expenses associated with defense of Helfrich's claims. It matters not when they were incurred relative to the trial court's stay of proceedings with respect thereto.

**{¶41}** O.R.C. 2323.51, governs the award of attorney fees, and reads in pertinent part,

**{¶42}** "(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's

fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

**{¶43}** "(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:

**{¶44}** "(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

**{¶45}** "(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;

**{¶46}** "(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. If any party or counsel of record who allegedly engaged in or allegedly was adversely affected by frivolous conduct is confined in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or

workhouse, the court, if practicable, may hold the hearing by telephone or, in the alternative, at the institution, jail, or workhouse in which the party or counsel is confined.

**{¶47}** "(3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:

**{¶48}** "(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;

**{¶49}** "(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.

**{¶50}** "(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both.

**{¶51}** "(5)(a) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded reasonable attorney's fees and the party's counsel of record may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the reasonable attorney's fees, an itemized list or other evidence of the legal services rendered, the time expended in rendering the services, and whichever of the following is applicable:

**{¶52}** "(i) If the party is being represented by that counsel on a contingent fee basis, the reasonable attorney's fees that would have been associated with those services had the party been represented by that counsel on an hourly fee basis or another basis other than a contingent fee basis;

**{¶53}** "(ii) In all situations other than those described in division (B)(5)(a)(i) of this section, the attorney's fees associated with those services.

**{¶54}** "(b) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded court costs and other reasonable expenses incurred in connection with the civil action or appeal may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the costs and expenses, an itemized list or other evidence of the costs and expenses that were incurred in connection with that action or appeal and that were necessitated by the frivolous conduct, including, but not limited to, expert witness fees and expenses associated with discovery."

CATEGORY ONE

**{¶55}** Initially, we find the trial court properly awarded attorney fees and expenses for services in the trial court related solely to the defense of Helfrich's claims in the amount of $5,266.55.

**{¶56}** Appellant Helfrich specifically questions the award of costs and attorney fees relative to three items: a March 30, 2007 Draft of Letter to Helfrich in the amount of $61.05, an April 30, 2007 letter and an April 16, 2007 travel expense incurred in the filing of a memo. Upon review of the exhibits, the April 30, 2007 letter and April 16, 2007 travel expense were included as Category 2 expenses, infra. The remaining March 30, 2007 letter to Helfrich was allowed by the trial court as a Category I expense. However, for purpose of this assignment of error, it matters not when the expense was incurred as long as the expense was incurred in defense of the claims.

**{¶57}** Accordingly, we do not find the trial court erred in allowing the attorney fees and expenses in Category I.

CATEGORY TWO AND CATEGORY THREE

**{¶58}** At the evidentiary hearing herein, Attorney Darcy Shaffer testified as to the law firms time sheets provided to her by Attorney Kristin Rosan. (Exhibit Q). Attorney Rosan prepared the time sheets and had personal knowledge thereof, while Attorney Shaffer could merely testify as to the authenticity of the records without having personal knowledge of the records.

**{¶59}** Evidence Rule 803(6) provides,

**{¶60}** "(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

**{¶61}** While Attorney Stephen Moyer testified at the previous hearing on April 29, 2013 as to the reasonableness and necessity of all of the fees charged, Attorney Shaffer did not have personal knowledge as to what portion of the charges involved the vexatious litigation claim as opposed to Helfrich's claims. She was unable to separate

those charges directly related to the representation of each as this Court previously determined was necessary.

**{¶62}** The trial court awarded one-half of the attorney fees and expenses for services in the trial court related to both Helfrich's claims and the vexatious litigator counterclaim. The trial court awarded $11,919.40 representing one-half of the attorney fees and expenses related for both defense of Helfrich's claims and the prosecution of the vexatious litigator counterclaim. The court also awarded $11,017.69 representing one-half of attorney fees and expenses associated with the motion for sanctions for both defense of Helfrich's claims and prosecution of the vexatious litigator counter-claim.

**{¶63}** The moving party seeking fees has the burden of demonstrating the reasonableness of the fees. Given our previous Opinion, merely submitting a copy of the billing records is insufficient in this case. At the evidentiary hearing herein, Attorney Shaffer testified the timesheets involved blocks of time which could not be separated out. Tr. at 61. Shaffer further testified she did not have knowledge what percentage on the time sheets separated into which category. Tr. at 66. She testified there was no possible way to divide the charges by claim. Tr. at 70.

**{¶64}** The trial court's judgment entry admits "there was no practical method to allocate the resulting fees," and the services "could support either activity." We find, the trial court's division of the fees 50/50 was arbitrary and speculative. Appellees had the burden of proof to demonstrate the reasonableness and necessity of said fees. We find they failed to do so.

## CATEGORY FOUR FEES

**{¶65}** R.C. 2323.51 allows for the recovery of fees for the civil action "or appeal." The Tenth District, in *Jackson v. Bellomy*, 10th Dist. 01AP-1397, 2002-Ohio-6495, upheld the award of fees incurred in defending an appeal of a trial court judgment. Accordingly, we find the trial court properly allowed Appellees fees and expenses for services in this Court of Appeals to defend that portion of the trial court's order relating to sanctions pursuant to R.C. 2323.51 for Helfrich's claims. Appelles were not entitled to fees and expenses for prosecution of the vexatious litigator claim. We have reviewed the briefs submitted by the parties in *Helfrich v. Madison*, Licking App. No. 2011-CA-89, 2012-Ohio-3701, and this Court's Opinion disposing of that appeal. We find considerably more than one-half went to challenging the trial court's finding Helfrich engaged in frivolous conduct in filing his claims. We find the trial court's award of only one-half of the fees associated with the prior appeal was very conservative.[1] We find Appellees are entitled to the amount of $5,1109.95 as awarded by the trial court.

## CATEGORY FIVE FEES

**{¶66}** Appellees were not entitled to fees and expenses in the Ohio Supreme Court as to the appeal they initiated in the Ohio Supreme Court, as they were not "defending this Court's order". However, Appellees were entitled to fees and expenses relative to their response to Helfrich's separate appeal to the Ohio Supreme Court. Upon review of the record, we find the evidence supports a judgment in the amount of $1,156.25 for attorney fees and expenses incurred by Appellees in responding to and defending Helfrich's appeal to the Ohio Supreme Court.

---

[1] Appellees did not file a cross-appeal contesting this amount.

CATEGORY SIX FEES

**{¶67}** The trial court awarded Appellees an additional $9,729.64 for attorney fees and expenses following remand relating solely to their motion for sanctions for defense of Mr. Helfrich's claims. Here the issue is not the intermingling of fees associated with the vexatious litigator counterclaim as was the problem in Category Two and Category Three. We previously decided supra such fees were not recoverable.

**{¶68}** The order on remand was for the determination of fees related solely to the defense of Helfrich's claims regardless of when they were incurred. The statute categorically permits the recovery of attorney fees associated with Appellant's motion for fees pursuant to R.C. 2323.51. Accordingly, we find Appellees were entitled to attorney fees and expenses subsequent to remand in the amount of $9,729.64.

**{¶69}** Based upon the foregoing, the judgment of the Licking County Court of Common Pleas is affirmed in part; and reversed in part. We find the total amount of attorney fees and expenses properly to be awarded Appellees is $21,263.39.

IV. AND V.

**{¶70}** Appellant's fourth and fifth assignments of error raise common and interrelated issues; therefore, we will address those arguments together.

**{¶71}** Upon review of the fourth and fifth assigned errors, the arguments presented were raised or capable of being raised on direct appeal. The arguments were previously addressed by this Court on prior appeal and are thus law of the case. Accordingly, the fourth and fifth assigned errors are barred by the doctrine of res judicata.

**{¶72}** The fourth and fifth assigned errors are overruled.

{¶73} The June 26, 2013 Judgment Entry of the Licking County Court of Common Pleas is affirmed in part, and reversed in part.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur