[Cite as *Bilbaran Farm, Inc. v. Bakerwell, Inc.*, 2014-Ohio-4017.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BILBARAN FARM, INC. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| BAKERWELL, INC. ET. AL. | : | Case No. 14CA07 |
| | : | |
| | : | |
| Defendants- Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of Common Pleas, Case No. 12QT08-0408

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 15, 2014

APPEARANCES:

For Plaintiff-Appellant

WILLIAM PAUL BRINGMAN
13 East College Street
Fredericktown, OH 43019-1192

For Defendants-Appellees

STEVEN J. SHROCK
CLINTON BAILEY
Critchfield, Critchfield & Johnson, Ltd.
P.O. Box 469
Mount Vernon, OH 43050

*Baldwin, J.*

{¶1}    Appellant Bilbaran Farm, Inc. appeals a judgment of the Knox County Common Pleas Court awarding appellees Bakerwell, Inc. and Crescent Oil & Gas, LLC, attorney fees in the amount of $22,414.36 for appellant's frivolous conduct.

## STATEMENT OF FACTS AND CASE

{¶2}    Appellant entered into an oil and gas lease with Professional Petroleum Services, Inc. on May 12, 2003. The lease agreement granted Professional Petroleum Services "all of the oil and gas and the constituents of either, in and under the lands hereinafter described together with the exclusive right to drill and operate for, produce, and market oil and gas and their constituents, the right to lay pipeline to transport oil and gas and their constituents from the lands leased hereunder and other lands, the right to build and install such tanks, equipment and structures ancillary thereto to carry on operations for oil and gas, together with the right to enter thereon at all times and to occupy, possess and use so much of said premises as is necessary and convenient for all purposes described herein * * *."

{¶3}    The lease agreement covered 275.67 acres owned by appellant in Brown Township, Knox County, Ohio. The lease did not specify the number of wells to be located on the property. The lease agreement contained a provision that if the operation for a well was not commenced on the premises within 12 months from the date of the lease, the lease would terminate as to both parties unless Professional Petroleum Services paid appellant a certain sum of money. The payment would operate as a rental and deferral of commencement of operations.

{¶4} The lease agreement also provided: "This lease and all its terms, conditions and stipulations shall extend to and be binding on all heirs, successors and assigns of Lessor or Lessee. This lease contains all of the agreements and understandings of the Lessor and the Lessee respecting the subject matter hereof and no implied covenants or obligations, or verbal representations or promises, have been made or relied upon by Lessor or Lessee supplementing or modifying this lease or as an inducement thereto."

{¶5} On December 4, 2007, Professional Petroleum Services assigned its interest in appellant's oil and gas lease to appellee Bakerwell, Inc. Bakerwell, Inc. then assigned a percentage of its interest in the lease to appellee Crescent Oil & Gas, LLC.

{¶6} On August 9, 2012, appellant filed a complaint in the Knox County Court of Common Pleas against appellees, entitled, "Complaint to Quiet Title, Declaratory Judgment and Partial Cancellation of Oil and Gas Lease." Attached to the complaint were four exhibits, including the oil and gas lease agreement, the lease assignments, and the deed to the Bilbaran Farm property. Appellant alleged in its complaint:

{¶7} "4. The grantee of said lease developed said real estate to the extent of drilling and completing three oil and gas wells into the Clinton formation under the surface of said described real estate before the assignments above referred to.

{¶8} "5. Said wells are located in the Township of Brown in the County of Knox and in the State of Ohio. . . .

{¶9} "7. There has been no further development of the real estate subject to the lease although Plaintiff has made contact with the Defendants concerning the same and has received no response thereto.

{¶10} "8. Defendants have breached their duty under said lease to develop the rest of the undeveloped portion of the lease and have thwarted the purpose of the lease and Plaintiff has been injured as a direct result of said breach.

{¶11} "9. Defendants should not be able to prevent further development of the leased premises, if they have not and are not going to further develop said leased premises as it would be inequitable and unfair to Plaintiff for Defendant to be able to do so.

{¶12} "10. The purpose of Plaintiff in granting said lease to the assignor thereof to Defendants was to have the leased premises fully developed for extraction of all oil and/or gas from said premises.

{¶13} "11. If Defendants are not going to further develop the leased premises, it should be cancelled as to the undeveloped portion thereof, if Defendants do not voluntarily surrender the lease to Plaintiff as it pertains to the undeveloped portion of the premises so leased.

{¶14} "WHEREFORE, Plaintiff demands that the undeveloped portion of the within oil and gas lease be declared void and forfeited with Plaintiff's title to said real estate being quieted as to any of said undeveloped portion thereof with respect to any interest of defendants therein * * *."

{¶15} In lieu of filing an answer to the complaint, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Appellees argued that appellant's complaint failed to state a claim upon which relief could be granted because the terms of the lease agreement did not contain any express or implied duty to further develop the land. Appellant responded, arguing appellees have left undeveloped 215.67 acres and have not extracted all the oil and gas from the property, as was granted by the oil and gas lease.

{¶16} On October 25, 2012, the trial court granted the motion to dismiss. On appeal, this Court affirmed the trial court's decision, finding that the complaint failed to state a claim upon which relief could be granted pursuant to Civ. R. 12(B)(6). *Bilbaran Farm, Inc. v. Bakerwell, Inc.,* 993 N.E.2d 795, 2013-Ohio-2487 (5th Dist. Knox County).

{¶17} Appellees filed a motion for sanctions pursuant to Civ. R. 11 and R.C. 2323.51. The trial court found that appellant and appellant's counsel had engaged in frivolous conduct, and set the matter for a hearing to determine a reasonable amount of attorney fees to be awarded to appellees. Following hearing, the court entered judgment awarding appellees attorney fees in the amount of $22,414.36. Appellant assigns three errors on appeal:

{¶18} "I.   THE TRIAL COURT ERRED IN STATING A COMPLETE AND CERTAIN JUDGMENT FROM WHICH THIS APPEAL IS TAKEN."

{¶19} "II.   THE TRIAL COURT ERRED IN FINDING THAT APPELLANT AND APPELLANT'S TRIAL COUNSEL ENGAGED IN FRIVOLOUS CONDUCT."

{¶20} "III.   THE TRIAL COURT ERRED IN ITS AWARD OF ATTORNEY FEES AND EXPENSES TO APPELLEES."

I.

{¶21} Appellant argues that the judgment appealed from is a nullity, as it is not complete and certain. In the March 18, 2014, judgment from which this appeal is taken, the court refers to frivolous conduct as defined by R.C. 2323.51(a)(ii), rather than the full citation of R.C. 2323.51(A)(2)(a)(ii). Appellant notes that R.C. 2323.51(a)(ii) does not exist, and further, in the January 15, 2014, judgment, the court mistakenly cited to R.C. 2923.51(a)(ii), a repealed statute dealing with riots and campus disorders.

{¶22} It is apparent from a reading of the statute that the court intended to cite to frivolous conduct as defined by R.C. 2323.51(A)(2)(a)(ii), which provides:

(2) 'Frivolous conduct' means either of the following:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

{¶23} The trial court's judgment of January 15, 2014, referring to R.C. 2923.51 is clearly a typographical error, as the rest of the judgment clearly refers to the correct statute. Further, the failure to cite the complete section number does not render the judgment a nullity. It is clear from the judgment that the court is referring to the definition of frivolous conduct cited above.

{¶24} The first assignment of error is overruled.

II.

{¶25} Appellant argues that the court erred in finding frivolous conduct.

{¶26} The court found that appellant engaged in frivolous conduct as defined by R.C. 2323.51(A)(2)(a)(ii), which provides:

(2) 'Frivolous conduct' means either of the following:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

{¶27} A trial court's determination that a party engaged in frivolous conduct pursuant to this subsection is reviewed de novo:

{¶28} "[W]e conclude that while the abuse-of-discretion standard is appropriate when reviewing a trial court's determination of whether a party has engaged in conduct merely to harass or maliciously injure another, an issue that necessarily involves factual considerations, it is improper for reviewing a trial court's determination whether a party has pursued a legally groundless claim. Because legally groundless frivolous conduct involves a question of law, we review it de novo." *Barbato v. Mercy Med. Ctr.,*5th Dist. Stark No. 2005 CA

00044, 2005-Ohio-5219, ¶40, citing *Riston v. Butler*, 149 Ohio App.3d 390, 777

N.E.2d 857, 2002-Ohio-2308, ¶22 (1st Dist.).

{¶29} The trial court did not err in finding that the underlying action was not warranted under existing law, could not be supported by a good faith argument for an extension, modification, or reversal of existing law, or could not be supported by a good faith argument for the establishment of new law. Appellant's claim was based on appellees' alleged failure to fully develop the property. This Court previously found that the lease in question did not include a covenant to develop the property, and the lease further disclaimed any implied covenant to reasonably develop the property. *Bilbaran, supra*, ¶21. While appellant argued in that appeal that appellees' failure to further develop the property was unfair and unequitable, we rejected appellant's argument on the authority of *Bushman v. MFC Drilling, Inc.,* 9th Dist. Medina No. 2403-M, 1995 WL 434409 (July 19, 1995), appeal not accepted, 74 Ohio St. 3d 1484, 657 N.E.2d 1377 (1995). Appellant had no claim under the express terms of the lease, and appellant's claims concerning an implied obligation for further development were contradicted by both the terms of the lease and prior legal precedent.

{¶30} The second assignment of error is overruled.

III.

{¶31} Appellant first argues that the court erred in awarding attorney fees for frivolous conduct because appellees did not put into evidence the time records underlying their billing summaries.

{¶32} R.C. 2323.51(B)(5) sets forth the manner in which fees may be proven:

(5)(a) In connection with the hearing described in division (B)(2)(a) of this section, each party who may be awarded reasonable attorney's fees and the party's counsel of record may submit to the court or be ordered by the court to submit to it, for consideration in determining the amount of the reasonable attorney's fees, an itemized list or other evidence of the legal services rendered, the time expended in rendering the services, and whichever of the following is applicable:

(i) If the party is being represented by that counsel on a contingent fee basis, the reasonable attorney's fees that would have been associated with those services had the party been represented by that counsel on an hourly fee basis or another basis other than a contingent fee basis;

(ii) In all situations other than those described in division (B)(5)(a)(i) of this section, the attorney's fees associated with those services.

{¶33} Where a trial court has found the existence of frivolous conduct, the decision as to whether or not to assess a penalty lies within the sound discretion of the trial court. *Helfrich v. Madison*, 5th Dist. Licking No. 2011-CA-89, 2012-Ohio-3701, ¶23. Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable. *Id.*

{¶34} Appellees presented documents and testimony at the hearing on fees which set forth the amount of fees incurred in conjunction with the action. Appellees

presented evidence of the method used to calculate fees, and the reasonableness of the fees. Appellees presented copies of legal fee invoices, which detailed the tasks performed and the fees charged for these tasks. Lead counsel for appellees testified as to the terms of the representation, the hourly rates of the attorneys who worked on the case, the adjustment of fees prior to billing, and his experience in handling similar kinds of cases. An expert witness testified that the fees were reasonable. Further, the controller of appellee Bakerwell testified that the company had paid the fees as billed. The trial court did not abuse its discretion in basing an award of fees on this evidence.

{¶35} Appellant also argues that the court could not award fees incurred by appellees in defending the appeal of the action, but was limited to awarding fees incurred in the trial court. Appellant relies on *Dept. of Health v. Sowald*, 65 Ohio St. 3d 338, 603 N.E.2d 1017 (1992). However, the *Sowald* case was based on a former version of R.C. 2323.51, prior to the 1996 amendment of the statute. R.C. 2323.51(B)(1) expressly allows for the recovery of fees for frivolous conduct "incurred in connection with the civil action or appeal." Therefore, the trial court properly allowed fees and expenses incurred in conjunction with the prior appeal to this Court. See *Helfrich v. Madison*, 5th Dist. Licking No. 13-CA-57, 2014-Ohio-1928, ¶65.

{¶36} Lastly, appellant argues that appellees failed to establish that they incurred additional attorney fees as a direct and identifiable result of defending the frivolous conduct. In *Mid-Ohio Mechanical v. Eisenmann Corporation*, 5th Dist. Guernsey Nos. 07 CA 000035 & 08 CA 00012, 2009-Ohio-5804, ¶150, we recognized that prior to the 1996 amendment to R.C. 2323.51, subsection (B)(3)(b) required that fees be "both reasonably incurred by a party and necessitated by the frivolous conduct."

However, after the 1996 amendment, the statute no longer included the language requiring the fees to be necessitated by the frivolous conduct, and instead allowed recovery of fees "reasonably incurred by a party." *Id.* at ¶157. We thus concluded the court could award fees for frivolous conduct if such fees were reasonably incurred in the action. *Id.* at ¶159.

{¶37} In the instant action, the court found that appellant's conduct in filing the complaint, which was dismissed on a Civ. R. 12(B)(6) motion for failure to state a claim, was frivolous. The court awarded fees reasonably incurred by appellees in defending the action. The court did not abuse its discretion in awarding fees in the amount of $22,414.36 as sanctions for frivolous conduct.

{¶38} The third assignment of error is overruled.

{¶39} The judgment of the Knox County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.